[Civ. No. 3674.   Fourth Dist.   Feb. 20, 1948.]

RANDALL R. CARTMILL, as Guardian ad Litem, etc., et al., Respondents, v. ARDEN FARMS COMPANY (a Corporation) et al., Appellants.

788

Monroe & McInnis for Appellants.

Clarence Harden, Crandall Condra and Sarah C. Harden for Respondents.

BARNARD, P. J.—This is an action for damages arising from a collision between a bicycle on which the minor plaintiff was riding and a truck owned and operated by the defendant. A nonsuit was granted and later the court ordered a new trial, from which order the defendants have appealed.

The minor plaintiff, who was 8 years old at the time of the accident, testified she was riding a bicycle and was proceeding to the home of a friend who lived on University Avenue in La Mesa; that she rode north on Maple to its intersection with University, which runs east and west; that at the intersection she stopped, looked in both directions and saw no cars coming; that she rode across to the north side of University and proceeded westerly on the right-hand or northerly side of University, close to the curb; that she was unable to tell how far she rode before the accident; and that the next thing she remembered was that she had been hit. She outlined her course on a map which as introduced into evidence, which corresponds with her testimony, to the effect that she was proceeding westerly near the north curb of University Avenue.

University Avenue at that point is paved and curbed, being 36 feet wide from curb to curb. According to other testimony the truck stopped about 250 feet west of Maple on the north side of University and close to the curb. It was headed west, its right front wheel being against the curb and its right rear wheel a few inches out from the curb. There were black marks or skid marks on the highway beginning at a point 30 or 35 feet to the rear of the truck and about 6 or 7 feet from the north curb on University, and proceeding at an angle to where the truck was stopped. There were also black tire marks along

the north curb for 10 or 12 feet. An officer testified that the latter marks were "like a tire rubbing against the curb." The damaged bicycle was found with its front part directly behind the left front wheel of the truck and with its rear portion sticking out beyond the running board.

The appellants contend that the court correctly granted a nonsuit and erred in granting a new trial because there is no evidence or justifiable inference of negligence on their part, with no evidence of anything beyond the fact that an accident occurred, and none to show how it occurred. It is also argued that the position in which the bicycle was found might well indicate that it and the truck were not traveling in the same direction. This inference, if possible, would do no more than create a conflict.

The appellants recognize the usual rule that evidence that a moving vehicle has collided with another moving vehicle ahead of it furnishes at least some proof of negligence on the part of the driver of the colliding vehicle. (*Gornstein* v. *Priver*, 64 Cal.App. 249 [221 P. 396]; *Elford* v. *Hiltabrand*, 63 Cal. App.2d 65 [146 P.2d 510]; *Day* v. *General Petroleum Corp.*, 32 Cal.App.2d 220 [89 P.2d 718]; *Linde* v. *Emmick*, 16 Cal. App.2d 676 [61 P.2d 338]; *Wright* v. *Ponitz*, 44 Cal.App.2d 215 [112 P.2d 25]; *Shannon* v. *Thomas*, 57 Cal.App.2d 187 [134 P.2d 522].) It is argued, however, that except by basing one inference upon another, there is nothing here to indicate that this bicycle and this truck were proceeding in the same direction, or that the truck ran into the bicycle from behind. There is direct evidence that the minor plaintiff was proceeding on the bicycle westerly near the north curb of University Avenue. The position of the truck after the accident and the marks on the curb and pavement are sufficient evidence of the fact that the truck was also proceeding in the same direction. The facts appearing in evidence would justify an inference of negligence on the part of the appellants, in the absence of any explanation. A question of fact and not one of law was presented by the evidence, and the court erred in granting a nonsuit. It follows that the subsequent action in granting a new trial was proper and is sufficiently supported by the record.

The order appealed from is affirmed.

Griffin, J., concurred.