[Civ. No. 6056.    Fourth Dist.    May 24, 1960.]

IRENE BANES et al., Appellants, v. GEORGE RAY DUNGER et al., Defendants; VERA OLIVE MANUEL, Respondent.

Oren, McCartney, Sells & Edman for Appellants.

Stammer, McKnight & Barnum and Dean A. Bailey for Respondent.

GRIFFIN, P. J.—Plaintiffs and appellants, husband and wife, brought this action against defendants George Ray Dunger, Hugo Kaji and defendant and respondent Vera Manuel, to recover damages resulting from personal injuries sustained by plaintiff wife arising out of a three-vehicle rear-end collision on October 4, 1956 at about 3:50 p. m. on "H" Street (United States Highway 99), a four-lane highway — two lanes in each direction — near Palm Avenue in Fresno. The Chevrolet operated by plaintiff wife was travelling south on United States Highway 99. A DeSoto, driven by defendant Manuel was proceeding in the same direction. A truck and trailer, driven by defendant Dunger and owned by defendant Kaji, followed the DeSoto. The front end of the truck collided with the rear end of the DeSoto and the front end of the DeSoto collided with the rear end of plaintiffs' vehicle, causing the injuries alleged. It was raining at the time and the streets were slick. Plaintiffs contended all defendants were negligent. Defendants denied this claim and asserted contributory negligence on the part of plaintiff driver.

It appears that on February 10, 1959, the action was dismissed as to defendants Dunger and Kaji due to a covenant not to sue them, in consideration of the sum of $7,200. In the covenant it was stated that it was "believed" plaintiffs were damaged in the sum of $14,400. Defendant Manuel filed an amended answer alleging that such agreement was executed. The evidence shows that defendants Dunger and Kaji settled with respondent Manuel for damages sustained in the collision.

Three forms of verdict were submitted to the jury: (1) For plaintiffs and against Mrs. Manuel for the amount of plaintiffs' damages in excess of $7,200 already received. (2) For plaintiffs and against respondent Mrs. Manuel, but for no damages, on the basis that plaintiffs had already received full compensation. (3) For respondent Mrs. Manuel and against plaintiffs. Verdict number three was returned, in favor of defendant Manuel and against plaintiffs. Plaintiffs' motion for new trial was denied.

Plaintiffs make no complaint of any error in the admission

or rejection of evidence, nor do they allege any improper conduct of the court, counsel or jury, or unfairness in the conduct of the trial. They concede that the evidence is sufficient to support the jury's verdict. Their only complaint is that of error in certain instructions.

## EVIDENCE

Plaintiff, Mrs. Banes, testified generally that she was traveling in her Chevrolet in the left-hand lane nearest the center white double line; that there was a traffic signal ahead at the intersection of "H" and Palm Streets; that some accident in the southerly right-hand lane near the signal had occurred and traffic was backed up for about two-thirds of a block; that she gave a hand signal and stopped her car at that point; that just before this time she noticed an approaching truck about one block behind her in the left lane and there was no other vehicle between them; that in a few moments her car was struck from the rear; that the crash injured her neck resulting in disc operations and resulted in considerable expense (stipulated at about $2,500) plus pain and suffering; that she was conscious that a vehicle was behind her when she stopped but did not know it was Mrs. Manuel's car at that time.

Mrs. Manuel testified that she was driving her DeSoto in the right-hand lane about a block to one and one-half blocks from the point where the accident took place; that she changed to the inside lane at that point and the traffic was clear with nothing within dangerous distance (about one to one and one-half blocks) as she looked back over her left shoulder; that she made no signal; that no cars ahead of her were moving; that she was traveling about 25 miles per hour and was bringing her car to a gradual stop; that she stopped about one car-length behind the car that was ahead of her; that she was sitting there waiting for traffic to move (five to ten seconds); that she noticed her car moving and found that her car had been hit from behind; that she proceeded that car-length either by her own force or by being struck; that she got out of her car and Mrs. Banes told her she had hit her (Mrs. Banes') car; that she asked Mrs. Banes if she was hurt and Mrs. Banes said she was not and that her car was not damaged to any extent and she started to drive away.

Dunger testified he was operating a truck-tractor, trailer and pull trailer (loaded with grapes weighing about 70,000 pounds gross) south on the inside lane of United States High-

way 99 at about 22 miles per hour through the underpass; that about two to three car-lengths ahead of him he saw the Chevrolet moving at about 22 miles per hour; that a DeSoto car, traveling south in the west lane, moved over into the east lane just in front of him; that it was then traveling in excess of 22 miles per hour; that traffic ahead of him was moving slowly; that the right lane was piled up on account of an accident at the intersection ahead; that as the DeSoto pulled in front of him he slackened his speed and noticed its stop lights go on; that there wasn't any distance left for him to stop so he hit the DeSoto; and that he did not know whether the DeSoto went on and struck the stopped Chevrolet.

On cross-examination Dunger stated that he did not accuse Mrs. Manuel of pulling over in front of his truck right after the accident and he did not mention anything about that to her or to Mrs. Banes. In his deposition he said he did not mention this fact in his statement given at that time. The officer testified Dunger told him that he had skidded on the wet pavement and was unable to stop.

Upon this evidence the trial court instructed the jury that there was no sufficient evidence upon which it could base a finding of contributory negligence on the part of plaintiffs. ■ The court refused two of plaintiffs' proffered instructions based on BAJI 206, on the theory of qualified res ipsa loquitur and did give defendant Manuel's instruction that the mere happening of the accident did not create a presumption or an inference of defendant's negligence.

Plaintiffs claim prejudicial error in this respect and argue that the facts in the instant case did raise an inference that someone other than plaintiffs was negligent, citing such authority as *Cartmill* v. *Arden Farms Co.*, 83 Cal.App.2d 787 [189 P.2d 739]; *Merry* v. *Knudsen Creamery Co.*, 94 Cal. App.2d 715 [211 P.2d 905]; *Keller* v. *Morrison-Knudsen Co., Inc.*, 149 Cal.App.2d 205 [308 P.2d 370]; *Baker* v. *B. F. Goodrich Co.*, 115 Cal.App.2d 221, 229 [252 P.2d 24]; *Phillips* v. *Noble*, 50 Cal.2d 163 [323 P.2d 385]; *Jensen* v. *Minard*, 44 Cal.2d 325 [282 P.2d 7]. *Phillips* v. *Noble, supra,* held that in the absence of a request for instructions on the doctrine of res ipsa loquitur, it is not reversible error to give an instruction that the mere happening of an accident does not support an inference of negligence if the application of the doctrine depends on the determination of disputed facts.

*Hallinan* v. *Prindle*, 220 Cal. 46, 50 [29 P.2d 202], gives some indication that when the complaint sets forth the details

of how an injury was caused and plaintiffs' evidence purports to show how it happened, the doctrine of res ipsa loquitur may not be invoked, but in *Leet* v. *Union Pacific Railroad Co.*, 25 Cal.2d 605, 619 [155 P.2d 42, 158 A.L.R. 1008], and cases cited therein, it is indicated that "if plaintiff alleges negligence specifically and generally he may rely upon the doctrine and the general inference of negligence flowing therefrom without limitation to the particular acts of negligence alleged inasmuch as by the general allegation of negligence defendant is notified that he must meet such a broad inference." See also Prosser, *Res Ipsa Loquitur in California* (1949), 37 California Law Review 183, 212-217. In the instant case it affirmatively appears that plaintiff alleged general negligence and specific acts of negligence of both defendants.

*Barrera* v. *De La Torre*, 48 Cal.2d 166 [308 P.2d 724], involved a car running into plaintiff's house after it was struck by another unidentified car. Defendant was the only eyewitness to the accident. It held that an appropriate instruction concerning the doctrine would have been proper, but since no request was made for such an instruction no prejudicial error resulted. To the same effect are the authorities relied upon by plaintiffs. In a dissenting opinion in *Barrera* v. *De La Torre, supra,* it was pointed out that when the res ipsa loquitur rule is applicable, it is error, without further explanation, to give the stock instruction that the mere fact that an accident happened, considered alone, does not give rise to legal inference that it was caused by the negligence of the defendant. *Alarid* v. *Vanier*, 50 Cal.2d 617 [327 P.2d 897], involved a car stopped behind five other cars at an intersection and it was struck by an automobile driven by defendant. As here, judgment went for the defendant. It was there held that the uncontradicted evidence warranted the application of the doctrine of res ipsa loquitur and that it was error to give the "mere fact that an accident happened" instruction. However, it held, under Constitution, article VI, section 4½ and the facts related, that no miscarriage of justice resulted. In *Davis* v. *Ewen*, 148 Cal. App.2d 410 [306 P.2d 908], relied on by defendant, involves an instruction declaring, as a matter of law ". . . 'from the happening of the accident, as established by the evidence, there arises an inference that the proximate cause of the occurrence was some negligent conduct on the part of the defendant' " and it was held that such an instruction was

not proper where there was, as here, a conflict in the evidence as to the cause of the accident.

We conclude that plaintiffs were entitled to the res ipsa loquitur instruction as proffered, under the circumstances related, and that it was error to give the other instruction indicated without some qualifications.

Plaintiffs next argue that the court's refusal to give another instruction to the effect that a collision in which a following motorist collided with the rear end of a vehicle ahead is some evidence of negligence on the part of the following motorist was error. *Cartmill* v. *Arden Farms Co.,* 83 Cal.App.2d 787, *supra* (and cases there cited) does give some support to this contention.

After giving two correct and complete instructions on the burden of proof of negligence, proximate cause and damages, i.e., by a preponderance of the evidence, the court gave defendant Manuel's proffered instruction to the effect that the jury was not to speculate as to any injuries claimed by plaintiffs, i.e., that if the evidence leaves the existence or cause of any alleged injuries a matter of conjecture or "doubt," then plaintiffs have not sustained the burden of proof. Then follows the statement: "Each injury, if any, must be proved by a preponderance of the evidence." Plaintiffs criticize this latter instruction on the ground that it informs the jurors that they must have no doubt in their minds before plaintiff has sustained the burden of proof. Somewhat similar instructions were given in *Colbert* v. *Borland,* 147 Cal. App.2d 704 [306 P.2d 63], and *Meschini* v. *Guy F. Atkinson Co.,* 160 Cal.App.2d 609 [325 P.2d 213]. It was held to be prejudicial error. Defendant Manuel argues that this latter instruction referred only to proof of damages and not to proof of negligence or liability, since it was found in instructions relating to damages. A mere reading of the instruction shows it refers to the existence or "cause of any alleged injuries" and is not limited to the subject of damages. In view of the holding of the two cited cases, the giving of this latter instruction was error.

Next, plaintiffs point to instructions offered by defendant Manuel and given by the court in the language of Vehicle Code (1956) section 531 (following too closely), section 526 (driving on roadways with three or more lanes) and section 544 (turning movements and required signals) which was followed by defendants' specific instruction in the general language of BAJI 142 but containing an additional

clause that if it found defendant Manuel did use such precaution as would satisfy a reasonably prudent person such movement or turn could be made safely, she was *not guilty of a violation of these sections* of the Vehicle Code.

The argument is that the court, in effect, erroneously instructed the jury that it need not consider the requirements for signaling or whether defendant Manuel signaled before moving left into the inside lane or before attempting to stop, pointing out that section 544, *supra,* requires two things: first, that "No person shall turn a vehicle from a direct course or move right or left upon a roadway unless and until such movement can be made with reasonable safety" and then declares "and *then only after the giving of an appropriate signal in the manner provided herein* in the event any other vehicle may be affected by such movement," (emphasis ours) indicating that the statute requires that the statutory signal be given in the event any other vehicle may be affected by such movement in addition to determining that the turn can be made with reasonable safety. This instruction was proper as applied to section 544, *supra,* insofar as it affected the term "reasonable safety" in making the turn. Then follows the requirement that "and then only after the giving of an appropriate signal . . . in the event any other vehicle may be affected by such movement." As thus interpreted, the instruction was proper. (*Washam* v. *Peerless Automatic etc. Co.,* 45 Cal.App.2d 174 [113 P.2d 724].) The vice of the instruction was the additional clause that if defendant did use reasonable precaution, as thus defined (without making an appropriate signal) she would not be guilty of a violation of that section. The instruction was confusing and erroneous in this respect. (*Satterlee* v. *Orange Glenn School District,* 29 Cal.2d 581, 587 [177 P.2d 279].)

"No precise formula can be drawn for deciding whether there has been a miscarriage of justice. In each instance, the determination whether the probable effect of an instruction has been to mislead the jury and whether the error has been prejudicial so as to require a reversal depends upon all the circumstances, including the evidence and the other instructions given." (*Alarid* v. *Vanier, supra,* 50 Cal.2d 617, 625.)

Considering the number of erroneous instructions given, which were material to the issues presented, and the refusal to give plaintiffs' proffered instructions above-mentioned, we conclude from an examination of the evidence and the record that these errors were prejudicial and confusing to the jury

and that the judgment rendered could not fittingly be saved under the provisions of article VI, section 4½ of the Constitution. (*Sills* v. *Los Angeles Transit Lines,* 40 Cal.2d 630 [255 P.2d 795]; *Wolfsmith* v. *Marsh,* 51 Cal.2d 832 [337 P.2d 70].)

Judgment reversed.

Coughlin, J., concurred.

Respondent's petition for a hearing by the Supreme Court was denied July 20, 1960. Peters, J., was of the opinion that the petition should be granted.