[Civ. No. 20613.  First Dist., Div. One.  Jan. 29, 1963.]

MERLYN P. KRAMER, Plaintiff and Appellant, v. RONALD L. BARNES, Defendant and Respondent.

Hannon & Hannon and Robert E. Hannon for Plaintiff and Appellant.

Frederick Mahan for Defendant and Respondent.

MOLINARI, J.—This is an appeal by the plaintiff, Merlyn Kramer (hereinafter sometimes referred to as Kramer), from a judgment in favor of defendant, Ronald Barnes (hereinafter sometimes referred to as Barnes), pursuant to an order granting said defendant's motion for a summary judgment.

### QUESTION PRESENTED
Was a triable issue of fact presented to the trial court?

### THE RECORD
The plaintiff brought this action for personal injuries sustained in a five-vehicle rear end accident which occurred on the San Francisco-Oakland Bay Bridge. According to the complaint, which is predicated in negligence and names the owners and operators of the other four vehicles as defend-

ants, the automobile operated by the plaintiff was caused to be struck in the rear when the vehicles of the defendants collided with and struck each other. The defendant Barnes filed a notice of motion for summary judgment supported by the affidavits of two passengers, Calvin Ray and Linda Mourer, who were riding in his automobile at the time of the accident, and the affidavit of a California Highway Patrol Officer named Peters.

Ray's affidavit stated in substance that he was riding in the back seat of Barnes' car; that he noticed a line of cars "stopped up ahead"; that it was a rainy night and the road was slick; that Barnes was driving his vehicle at about 35 miles per hour; that Barnes braked to a stop a few feet in back of the last car in line; that about five to ten seconds after the car had come to a stop he heard a screech of brakes behind them; that Barnes' car was then hit from behind by the car which was following them; that "[j]ust a couple of seconds after the first impact came a second one"; that Barnes' car was driven into the rear of the car in front of them, and that he believed that it was the first impact which drove "us into the back of the last car in the line we had stopped for." Ray stated further in said affidavit: "If sworn as a witness, I can testify competently to the above matters."

Mourer's affidavit stated: "I find the statement of Calvin Ray's true and correct as it applies to me with the following exceptions: After the first shock, I turned around and looked out the back window in time to see the second shock come on, but I turned back around again before the other car actually hit. Also, I stayed in the car after the two impacts. I have read Mr. Ray's statement and the above and find it all true and correct." The said deponent concluded with the statement: "If sworn as a witness, I can testify competently to the above matters."

The affidavit of Officer Peters stated that he investigated the accident in question and that he prepared a report of said accident and filed it in the offices of the California Highway Patrol; that such report is an official record of said department; that a copy of said report is attached to the affidavit and is made a part thereof; that among the information recorded in said report is an unsigned statement by Merlyn Phillip Kramer, who was driving vehicle indicated as Vehicle Number 1 in said report; that Kramer's statement is indicated as "Statement 'Driver #1'" on page three thereof; that driver number one gave the following statement to Officer

Peters: " 'I was E/B on the S.F.O.B.B. in Lane E/2 at 40 MPH. I saw flairs and stopped. I saw the car behind me stop then I heard a crash and was struck from the rear''; that he personally talked with Merlyn Kramer shortly after the accident took place and obtained the above statement from Merlyn Kramer; that the statements in said report are true and correct; and that if sworn as a witness he could testify competently to the facts in said report.

The plaintiff did not file any counteraffidavits. However, on the day noticed for the hearing of said motion, the trial court "admitted into evidence" the depositions of Kramer and Barnes previously taken. These depositions are a part of the clerk's transcript on appeal. It appears, therefore, that the motion was adjudicated upon the aforesaid affidavits and the said depositions. ▮▮▮ The use of depositions in support of, or in opposition to, a motion for summary judgment in conjunction with or in lieu of affidavits is, of course, proper. (*Cosper* v. *Smith & Wesson Arms Co.,* 53 Cal.2d 77 [346 P.2d 409]; *Desny* v. *Wilder,* 46 Cal.2d 715 [299 P.2d 257]; *Nizuk* v. *Gorges,* 180 Cal.App.2d 699 [4 Cal.Rptr. 565]; *Thomson* v. *Honer,* 179 Cal.App.2d 197 [3 Cal.Rptr. 791].)

The major portion of Kramer's deposition deals with a specification of the injuries received by him in the accident He does, however, testify therein that the accident in question took place at about 12:40 a.m.; that he had been stopped on the bridge because of an accident in front of him about "a second or two seconds" when his automobile was struck from the rear; that he did not see the automobile which struck his car at any time before it actually struck his car; that his automobile was moved 20 feet forward by such impact; that he felt another slight impact after that; that the car behind him caused these impacts; that he didn't know whether the car right behind him was forced into his automobile by any other car; that after the first impact he turned around to see what was behind him and that all he could then see was the car "right behind me"; that he at no time prior to the impact saw the car immediately behind him in a stopped position; and that when he first got out of his car he saw two cars behind his. He also testified that he gave a statement to the highway patrol after the accident, but denied having any conversation with Barnes.

In his deposition Barnes testified that he was driving easterly in drizzly weather at a speed which did not exceed 40 miles per hour; that at a distance between 200 and 300 feet

in front of him he saw the stop lights of a car in front of him; that he slowed down and stopped his car a couple of feet from the rear of the car in front of his; that he was stopped "a couple of seconds" when his automobile was struck in the rear; that there were two impacts; that he spoke to Kramer when the latter got out of his car, and that all that Kramer said was " 'You don't have to worry. I knew you were stopped.' "

## The Sufficiency of Defendant's Affidavits

The plaintiff does not attack the sufficiency of the defendant's affidavits but chooses to rest his appeal on the contention that his deposition sufficiently contradicts these affidavits so as to present triable issues of fact. ■ A summary judgment will stand if the supporting affidavits state facts sufficient to sustain a judgment and the counteraffidavits do not proffer competent and sufficient evidence to present a triable issue of fact. (*Burke* v. *Hibernia Bank,* 186 Cal.App.2d 739, 740 [9 Cal.Rptr. 890].) Accordingly, in order to determine whether the instant summary judgment will stand, we must consider, in the light of the applicable legal principles, whether the defendant's affidavits meet the test of sufficiency. As stated in *Southern Pacific Co.* v. *Fish,* 166 Cal.App.2d 353 [333 P.2d 133], "there first must be a *sufficiently supportive affidavit* before the defects of any counteraffidavit, either of form or substance, need be examined; . . ." (P. 366; emphasis added.)

■ It is a well-established principle in California that because the summary judgment procedure provided for in Code of Civil Procedure section 437c is drastic, it should be used with caution in order that it may not become a substitute for existing methods of determining issues of fact. (*Eagle Oil & Ref. Co.* v. *Prentice,* 19 Cal.2d 553, 556 [122 P.2d 264]; *Snider* v. *Snider,* 200 Cal.App.2d 741, 748 [19 Cal. Rptr. 709].) ■ The purpose of the procedure is to discover, through the media of affidavits, whether the parties possess evidence which demands the analysis of trial. (*Burke* v. *Hibernia Bank, supra,* 186 Cal.App.2d 739, 744.) The object of the proceeding is to discover proof. (2 Witkin, Cal. Procedure, pp. 1711-1715.) In making this determination certain guide rules have been laid down by the higher courts of this state. ■ The cardinal rule is that the affidavits of the moving party should be strictly construed and those of his opponent liberally construed. (*Eagle Oil & Ref. Co.* v.

*Prentice, supra,* 19 Cal.2d 553, 556; *Snider* v. *Snider, supra,* 200 Cal.App.2d 741, 748.)

In order to meet the test of sufficiency and thus place the proceeding in the posture where, in the absence of sufficient counteraffidavits, the trial court would be required to grant the motion for summary judgment, the affidavit or affidavits of the moving party must satisfy three requirements: (1) They must contain facts sufficient to entitle the moving party to a judgment, i.e., facts establishing every element necessary to sustain a judgment in his favor; (2) such facts must be set forth with particularity, i.e., all the requisite evidentiary facts must be stated, and not the ultimate facts or conclusions of law; and (3) the affiant must show that if sworn as a witness he can testify competently to the evidentiary facts contained in his affidavit. (*Snider* v. *Snider, supra,* 200 Cal.App.2d 741, 748; *House* v. *Lala,* 180 Cal.App.2d 412, 416 [4 Cal.Rptr. 366].)

We now turn to a consideration of the affidavits presented by the moving party in the instant case. The affidavit of Linda Mourer is meaningless and ineffective. It is void of any probative facts and is purely conclusionary. Its effect is to state an opinion that Ray's affidavit is true and correct, and hence amounts to nothing more than hearsay. Affidavits which set forth only conclusions, opinions or ultimate facts are insufficient. (*Vartanian* v. *Croll,* 117 Cal.App.2d 639 [256 P.2d 1022]; *People* v. *Thompson,* 5 Cal.App.2d 655 [43 P.2d 600]; *People* v. *Neal,* 27 Cal.App.2d 655 [81 P.2d 593]; *Cowan Oil & Ref. Co.* v. *Miley Petroleum Corp.,* 112 Cal.App. Supp. 773 [295 P. 504].) The sufficiency of an affidavit must be tested by the same rules as those applicable to oral testimony. (*Jeffers* v. *Screen Extras Guild, Inc.,* 134 Cal.App 2d 622 [286 P.2d 30]; *Mayo* v. *Beber,* 177 Cal.App.2d 544 [2 Cal.Rptr. 405].) It is obvious that if the witness Mourer took the stand she could not competently testify in this manner, i.e., adopt the testimony of another witness as her own.

Officer Peter's affidavit purports to give evidentiary value to a police report. Such reports are not admissible in evidence under the Uniform Business Records as Evidence Act (Code Civ. Proc., §§ 1953e-1953h), and their admissibility is precluded, moreover, by the Vehicle Code. (§§ 20012 to 20015, inclusive; *Summers* v. *Burdick,* 191 Cal.App.2d 464, 470 [13 Cal.Rptr. 68]; *Fernandez* v. *Di Salvo Appliance Co.,* 179 Cal.App.2d 240, 244-245 [3 Cal.Rptr. 609].) The report being inadmissible, the proscription cannot be obviated by the

simple expedient of an affidavit by the person who prepared the report that everything contained in it is true and correct, and that if he is called as a witness he can *testify competently to the facts in said police report*. The apparent purpose of Officer Peter's affidavit is to show that Kramer made an admission that Barnes' vehicle had come to a complete stop; that Kramer then heard a crash, following which his car was struck from the rear. Such an admission, although not conclusive of the facts stated therein, would constitute affirmative and substantive evidence of such facts. (*Bonebrake* v. *McCormick*, 35 Cal. 2d 16, 18-19 [215 P.2d 728]; *Lashley* v. *Koerber*, 26 Cal.2d 83, 89 [156 P.2d 441]; *Lewetzow* v. *Sapiro*, 188 Cal.App.2d 841, 846-847 [11 Cal.Rptr. 126].) It was incumbent upon the affiant, however, to couch such evidentiary facts in testimonial language indicating that what he was testifying to were matters within his own knowledge and not such as were contained in a police report. Officer Peter's affidavit does not meet this test.

We now turn to the affidavit of the affiant, Ray. The facts therein stated as the basis for the removal of any triable issue of fact are that Barnes had come to a stop a few feet behind Kramer's car for a period of five to ten seconds when Barnes' car was struck in the rear by another vehicle and was thus caused to be "driven into the rear of Kramer's vehicle." These facts, even if coupled with the purported admission made to Officer Peters, are not sufficient to entitle the defendant to a judgment. They do not state facts covering every element necessary to sustain such a judgment. These facts, if true, do not in and of themselves establish that the plaintiff's action is without merit because they do not remove the issue of negligence and proximate cause from the trial. The proof of all the facts contained in Ray's affidavit would not absolve Barnes from negligence as a matter of law. The requisite evidentiary facts within Ray's personal knowledge which would negate negligent conduct on the part of Barnes are missing from Ray's affidavit and thus render it insufficient.

The question of whether the driver in the rear was negligent in colliding with the car in front is essentially a question of fact and not of law because it is dependent upon the circumstances of the individual case. (*Elford* v. *Hiltabrand*, 63 Cal.App.2d 65, 74 [146 P.2d 510].) In *Gornstein* v. *Priver*, 64 Cal.App. 249 [221 P. 396], it is stated: "True, the mere fact that a vehicle is moving in close proximity to

another one ahead of it, and keeping up with it, does not of itself constitute negligence *per se*; but whether in any particular case the operator of the rear vehicle is negligent if he drives his machine so as to cause a collision with the one ahead depends upon all the circumstances surrounding the happening of the accident, and almost invariably presents a question of fact for the decision of the jury or of the trial judge. . . ." (P. 255.) ▮▮▮ It has also been held that a collision in which a following motorist collides with the rear end of a vehicle ahead is some evidence of negligence on the part of the following motorist. (*Cartmill* v. *Arden Farms Co.*, 83 Cal.App.2d 787, 789 [189 P.2d 739] ; *Banes* v. *Dunger*, 181 Cal.App.2d 276, 282 [5 Cal.Rptr. 278] ; *Gornstein* v. *Priver, supra,* 64 Cal.App.249, 255; *Linde* v. *Emmick,* 16 Cal.App. 2d 676, 682 [61 P.2d 338] ; *Wright* v. *Ponitz,* 44 Cal.App.2d 215, 219 [112 P.2d 25] ; *Shannon* v. *Thomas,* 57 Cal.App.2d 187, 194 [134 P.2d 522].) The rule is stated thusly in *Wright*: "The fact that a vehicle has collided with a car ahead tends to a conclusion that the driver of the overtaking vehicle was responsible for the collision." (P. 219.) In *Donahue* v. *Mazzoli,* 27 Cal.App.2d 102 [80 P.2d 743], the court made the following pertinent statement: "Cases involving rear-end collisions are many. *Prima facie* each case imports negligence and explanations are in order. Many different situations are presented and in each specific case due consideration becomes necessary to ascertain each pertinent circumstance and then give it due consideration." (Pp. 105-106.)

In *Banes*, the plaintiff driver had brought her car to a stop on a highway because of traffic conditions. The defendant Manuel brought her car to a gradual stop about one car length behind that of the plaintiffs; Manuel was stopped for a period of from five to ten seconds (as here) when her vehicle was struck in the rear by a truck driven by the defendant Dunger, causing the Manuel car to strike the rear of the plaintiffs' automobile. The action proceeded only against Manuel, the action having been dismissed as to Dunger and another defendant due to a covenant not to sue. In reversing a judgment for Manuel, the appellate court held not only that there was an inference of negligence on the part of Manuel, but also that under the circumstances the plaintiff was entitled to the proffered instruction based on qualified res ipsa loquitur.

The facts presented herein by the defendant's own affidavits clearly show that Barnes' car collided with the plain-

tiff's vehicle ahead of it. In the light of the cases cited above, this fact, in and of itself, furnished some proof of negligence on the part of Barnes, and thus would present a triable issue of fact. Moreover, in the circumstances, the question as to whether Barnes was operating his car in a careful and prudent manner with due regard to the traffic on the bridge would also present a triable issue of fact. In addition to the common law and statutory duty (Civ. Code, § 1708) to operate his vehicle as to abstain from injuring the person or property of another, other statutory duties were imposed upon Barnes. Among these are the following: Not to follow the vehicle in front of him too closely (Veh. Code, § 21703); the requirement that he not stop or suddenly decrease his speed without first giving the appropriate signal to the driver of any vehicle immediately to the rear (Veh. Code, § 22109); the inhibition from operating the vehicle in a reckless manner (Veh. Code, § 23103); and the operation of the vehicle in conformity with the basic speed law (Veh. Code, § 22350).

In order to relieve himself from liability upon the basis that there was no triable issue of fact as to him, it was incumbent upon Barnes to show by facts, stated with the required particularity, that his conduct was in conformity with the standard and duties of care imposed upon him under the circumstances. Moreover, in order for Barnes to escape liability on the ground that the independent negligence of another was the sole proximate cause of the collision, he must show with the required particularity that any negligence on his part was so disconnected in time and nature as to make it plain that the damage was not proximately caused by his negligence. (*Day* v. *General Petroleum Corp.,* 32 Cal.App.2d 220, 235 [89 P.2d 718].)

We conclude, therefore, that the affidavits of the moving party do not state facts sufficient to support the judgment. In view of this conclusion, we need not proceed to determine whether the depositions presented as counteraffidavits proffer competent and sufficient evidence to present a triable issue of fact.

The judgment is reversed.

Bray, P. J., and Sullivan, J., concurred.