[Civ. Nos. 30660, 30933.   Second Dist., Div. Two.   June 29, 1967.]

DAVID W. TRUSLOW et al., Plaintiffs and Appellants, v. FLORENCE C. WOODRUFF, Defendant and Respondent.

Arthur Shivell for Plaintiffs and Appellants.

Rich & Ezer and Mitchel J. Ezer for Defendant and Respondent.

ROTH, P. J.—The record before us is the most verbose and futile we have yet had the misfortune to dissect. It comprises four complaints, the original and three amended, answers and counterclaims, numerous affidavits and declarations in support of a number of repetitive and prolix motions. The motions embrace requests for reconsideration of rulings, summary judgment, judgment on the pleadings, early settings, protective orders, contempt, to expunge an order, leave to file amendments, leave to renew, for a new trial and to reopen. No pleading was filed in respect of which there was not a demurrer or a motion to strike. Few rulings were made in respect of which there were not requests for reconsideration. Needless to say, the record is replete with aimless points and authorities. From June 10, 1965, to February 1, 1966, there were 15 separate minute orders, many of which include separate orders ruling on a multiplicity of matters presented by separate motions.

The facts, in spite of the prolific, confusing and complex maneuvers of the litigants, are relatively simple.

David W. and Virginia L. Truslow, plaintiffs and appellants (Truslow), appeal from a summary judgment pursuant to section 437c of the Code of Civil Procedure, entered in favor of Florence C. Woodruff, respondent, (No. 30933).

Truslow also purports to appeal (No. 30660) from an order expunging a *lis pendens* filed against property of Florence C. Woodruff located at 831 No. Western Avenue, Los Angeles, the real property which is the subject of this litigation.

Respondent Woodruff was, on February 25, 1965, sued for specific performance of an oral contract to sell the Western Avenue property, and for damages. A grant deed in favor of appellants and written escrow instructions, signed by Mrs. Woodruff, were attached to the complaint. Concurrently with the complaint, a *lis pendens* was filed against the Woodruff property.

Truslow's third-amended complaint contained three counts: for specific performance, declaratory relief and reformation of contract. The court, on August 12, 1965, sustained respondent's demurrer to the specific performance count without leave to amend and overruled the demurrers as to the other

two counts. Respondent answered and counterclaimed in respect of counts II and III.

No separate judgment of dismissal was tendered or entered as to the first count at the time of the ruling; however, the formal judgment before us entitled "Judgment by Court under 437c CCP," although it leaves much to be desired, does dismiss the entire complaint. Respondent petitioned on October 27, 1965, that the *lis pendens* be expunged. It was. Appellants' motion to vacate the order expunging the *lis pendens* was denied. Mandate was thereafter sought to compel reinstatement of *lis pendens*. Mandate was denied, affirmed on appeal, and a hearing denied by the Supreme Court.

Respondent, on December 9, 1965, moved for summary judgment on counts II and III. On February 3, 1966, summary judgment was granted. *Appellants filed no declarations nor affidavits in opposition.* The attorney for appellants did file a document entitled "Memorandum In Opposition To Defendant's Motion For Summary Judgement, [*sic*] &c." which will be treated in more detail later.

Respondent's declaration and documents in support of her motion for summary judgment show that for some time prior to November 27, 1964, Truslow had been anxious to buy the Woodruff property which is contiguous to property he owns at 805-811 No. Western Avenue, where he maintains an automobile repair business he wishes to expand. Mrs. Woodruff, with her dogs, lives in a small house in the rear; a yard and a secondhand store in the front comprise the property.

On November 27, 1964, Truslow offered $43,500 to buy the property, whether all cash or on what terms in lieu thereof is not clear, and agreed to lease it back to respondent for "at least" two years as he had no current use for it and knew of Mrs. Woodruff's need to have the yard for her dogs. Respondent agreed to sell if a leaseback on "acceptable terms" could be finalized. Truslow drove respondent to a branch of the Bank of America. En route, he stated he wanted to give her a $5,000 note secured by a second trust deed on the property as part of the purchase price. Respondent stated, "I would have to consider it."

Truslow dictated the terms of the escrow instructions. They were handed to Mrs. Woodruff in Truslow's presence. Mrs. Woodruff did not have her glasses with her and declares she could not read the instructions. She asked Truslow whether they were in accordance with their agreement. He said yes.

She signed. She says she learned later that she had also signed a grant deed attached to and made a part of the escrow instructions.

The following day, Truslow indicated he planned immediately to use the rear of respondent's property to park cars and would not lease back that portion of the property. Respondent declares further that she did not realize this from her reading of the escrow instructions, nor did she understand that the escrow instructions included a $5,000 note secured by a second trust deed with no interest rate stated until she showed them to her son. She declares she had not agreed to accept a note nor discussed an interest rate or lack of one. She thereafter refused to go through with the sale and made demand on the bank to cancel the escrow.

Excerpts from depositions of Truslow, Mrs. Itson, (the escrow clerk) and respondent were included in support of the motion for summary judgment. The depositions show that respondent stated that the leaseback agreement was for two years of the whole property. Truslow admitted they had agreed respondent was to live on the property for two years, that she was to pay rent, and that the agreement was oral only. Mrs. Itson stated that no interest rate was given her on the $5,000 note and that eventually she had inserted a 7 percent figure at Truslow's direction without concurrence, either orally or in writing, from respondent.

As heretofore pointed out, Truslow filed in response to this motion a document entitled "Memorandum In Opposition, etc." but no counter-affidavits or declarations.

Four months prior to August 12, 1965, the date on which the demurrer to the first cause of action was sustained without leave to amend, to wit: on April 27, 1965, Truslow had filed a notice of motion for summary judgment limited to his action for specific performance only, supported by affidavits of himself, Elsie Itson, the escrow clerk of the Bank of America, to which were attached the escrow instructions, signed by the parties, a deed to the property, signed by respondent and a note secured by a deed of trust signed by Truslow.

In opposition, respondent filed the declarations of herself and of Charles Fyfe, her son, the substance of which has already been set forth.

In spite of the fact that there are 15 several minute orders, each including more than one ruling, we find no ruling which indicates that Truslow's motion for summary judgment was

ever heard or denied, although the Memorandum to which we have referred and which we discuss *infra*, indicates that it was.

When respondent's motion for summary judgment came on for hearing late in December 1965, approximately seven months after Truslow had filed his motion for summary judgment and the supporting documents detailed, the only document in opposition filed by Truslow was the ''Memorandum In Opposition, etc.'' signed ''respectfully submitted Arthur Shivell, attorney for plaintiffs.'' This was filed on December 16, 1965. ██ The Memorandum is not an affidavit and it is not a declaration. If it were intended as a declaration, it would have to be made under penalty of perjury. (Code Civ. Proc., § 2015.5.) The Memorandum states, among other things, in the first paragraph thereof ''Plaintiffs incorporate as their first point in opposition to motion of defendant Florence C. Woodruff, for Summary Judgement, [*sic*] . . . their 'Affidavit of David W. Truslow in Support of Motion for Summary Judgement, [*sic*] with Certificate of Escrow and Certified Copies of Documents', dated April 21, 1965, and filed April 23, 1965, and 'Excerpts from Deposition of Defendant Florence C. Woodruff . . . in Support of Motion for Summary Judgement,' . . . , and filed on or about May 1, 1965.''

The memorandum then proceeds to argue:

''This motion, made on behalf of plaintiffs, and such a motion on behalf of defendant Woodruff, involve the same considerations, in determination by the Court, but with the roles of the supporting material changed. Whereas the plaintiffs' motion was denied, only because the defense affidavits were considered by the Court sufficient to 'raise an issue', in spite of their admitted shortcomings, because they were then entitled to 'liberal construction', on the other hand, the defendant now is subjected to the 'strict construction' which the law imposes on the moving party, under section 437c, Code of Civil Procedure. On the same showing, issues have been found, with the defendant in the position of advantage. Now, with what amounts to a virtual absence of ground, the defendant, in lieu of the showing of grounds under the section, asks the court to disregard the burden of the statute, and to make determination of issues, instead of finding them, and leaving them undetermined.''

██ The Memorandum referred to is, as pointed out,

neither an affidavit nor a declaration. The facts set forth in the declarations submitted by respondent, are therefore undenied.

It appears, therefore, that insofar as respondent's motion for summary judgment is concerned, all the facts declared by respondent are uncontroverted and there is no triable issue of fact. The record supports a judgment in her favor. (*Coyne* v. *Krempels*, 36 Cal.2d 257, 261 [223 P.2d 244].) ▮ When declarations set forth facts which, if proved, establish a complete defense to the action, summary judgment should be granted.[1] (*Security First Nat. Bank* v. *Ross*, 214 Cal.App.2d 424, 432 [29 Cal.Rptr. 538], and cases cited therein.) ▮ When no affidavits are filed in opposition, the trial court is entitled to accept as true the facts alleged in respondent's affidavits if ". . . such facts are within the affiant's personal knowledge and [are ones] to which he could competently testify. . . ." (*Southern Pac. Co.* v. *Fish,* 166 Cal.App.2d 353, 362 [333 P.2d 133].)

▮ The purpose of section 437c of the Code of Civil Procedure, providing for summary judgments, is to expedite litigation by avoiding needless trials. (*Saporta* v. *Barbagelata,* 220 Cal.App.2d 463, 467-469 [33 Cal.Rptr. 661]; *Cone* v. *Union Oil Co.,* 129 Cal.App.2d 558, 562 [277 P.2d 464].) The section expressly provides for consideration of affidavits filed in support of such motion, and for the filing of counter-affidavits in opposition. ▮ Furthermore, depositions may be used in either support or opposition to a motion for summary judgment. (*Estate of Nelson,* 227 Cal.App.2d 42, 47 [38 Cal.Rptr. 459]; *Kramer* v. *Barnes,* 212 Cal.App.2d 440, 444 [27 Cal.Rptr. 895].)

We have no doubt that had Truslow or his attorney filed a declaration or an affidavit in all respects similar to the memorandum filed, we would be faced with a different question.

Appellants argue nevertheless that the trial court was "required" to consider the affidavits previously filed *in support of their* prior motion for summary judgment which had been denied, and rely on *American Soc. of Composers, Authors & Publishers* v. *Superior Court,* 207 Cal.App.2d 676 [24 Cal.Rptr. 772].

The *ASCAP* case held, only, that affidavits filed *in opposi-*

---

[1]Respondent's affidavits establish a complete defense to the action: the two-year leaseback, a crucial aspect of the sales agreement, was oral, and is not "memorandized" by any writing as required by the statute of frauds. (Civ. Code, § 1624, subd. 4.)

*tion* to an earlier defense motion for summary judgments were ". . . sufficiently before the court for its consideration upon the renewal of the motion." (*American Soc. of Composers, Authors & Publishers* v. *Superior Court, supra,* at p. 683.) The court did not say consideration of these affidavits was required.

It may be, although Truslow does not urge this point, that a trial court is obligated to take judicial notice of all documents in a case in each specific formal statutory maneuver initiated by either counsel, irrespective of the formal requirements of a statute governing the matter upon which it must rule. We do not think so. A court cannot be expected to perform the duties of an advocate. Former section 1875 of the Code of Civil Procedure does not specifically provide for judicial notice in situations such as the one at bench, and as construed in *People* v. *Clay,* 208 Cal.App.2d 773, 778 [25 Cal.Rptr. 464], the indication is that a court *may* take judicial notice of its own records. There is no indication when it *must* do so.

Section 453 of the new Evidence Code impels the court to take judicial notice of any matter specified in section 452 if the adverse party gives notice to the other of that desire or furnishes sufficient information to the court to enable it to do so. Section 452 provides a court may take judicial notice of "records of (1) any court of this state." These sections were not applicable when this case was tried.

We conclude, predicated upon the tenuous facts alleged by Truslow and the prolix and captious proceedings with which the record is replete, that the trial judge, in the absence of formal compliance with the mandate of section 437c, was not compelled to consider the previous affidavits filed by Truslow.

We have not ignored the fact that before the ruling on respondent's motion for summary judgment, and while it was under submission, Truslow made a motion to reopen the submission and in support thereof Truslow filed an affidavit and his attorney also filed an affidavit in which latter the attorney set forth reasons why he had not more competently opposed respondent's motion for summary judgment. The trial court denied this motion. We think its discretion in this respect was properly exercised.

Appellants contend the trial court erroneously made an order expunging *lis pendens.* This matter was thoroughly aired on the writ of mandate and decided against Truslow,

and is in any event moot since in view of our affirmance there is no pending action.

The judgment in case No. 30933 is affirmed.

The purported appeal (No. 30660) from the order expunging the *lis pendens* is dismissed.

Herndon, J., and Fleming, J., concurred.

A petition for a rehearing was denied July 26, 1967, and appellants' petition for a hearing by the Supreme Court was denied September 27, 1967. Traynor, C. J., and Peters, J., were of the opinion that the petition should be granted.