[Civ. No. 25814. First Dist., Div. One. Aug. 25, 1969.]

Estate of GEORGE WALTER KERNER, Deceased. ROBIN GALLOWAY, Plaintiff and Appellant, v. WELLS FARGO BANK, as Co-executor, etc., et al., Defendants and Respondents.

Ingraham, Deming & Galloway and Lee M. Galloway for Plaintiff and Appellant.

Glicksberg, Kushner & Goldberg, Gerald Ellersdorfer and Pillsbury, Madison & Sutro for Defendants and Respondents.

MOLINARI, P. J.—This is an appeal by the contestant from a summary judgment in favor of respondents in a will contest.

The will of George Walter Kerner, deceased, was admitted to probate in July 1966 and respondents Marian Wentz and Wells Fargo Bank were appointed executors. Thereafter, in December 1966, contestant Robin Galloway filed a petition for revocation of the probate of the will on the ground that the will was procured as the result of undue influence exercised on decedent by Glenn P. Wentz and Marian Wentz. In November 1967 respondents moved for summary judgment against contestant. The motion was supported by declarations made by Glenn P. Wentz, Marian Wentz and Robert W. Morrison, the attorney who prepared the disputed will for decdent. It was also supported by the deposition of contestant. Contestant did not file any counteraffidavits or other documents in opposition to the motion. The motion for summary judgment was granted on the ground that contestant's petition presented no triable issue of fact.

Contestant contends, essentially, that the court erred in granting the summary judgment because the affidavits of respondents do not discuss each and every element which must be proved in a will contest based on the theory of undue

influence. In support of his contention, contestant observes that the following are elements of undue influence in a will contest: 1. The provisions of the Will are unnatural; 2. Its dispositions are at a variance with the testator's intentions, expressed before and after its execution; 3. The relations existing between the chief beneficiaries and the testator afforded to the former an opportunity to control the testamentary act; 4. Testator's mental and physical condition was such as to permit a subversion of his freedom of will; 5. The chief beneficiaries under the Will were active in procuring the instrument to be executed.[1] He then points out that the declarations in support of respondents' motion do not set forth the requisite evidentiary facts covering the five elements of undue influence, and asserts that there is ample evidence in contestant's deposition to establish a triable issue of fact.

Adverting to contestant's contentions, we note that although some cases have referred to the elements of undue influence relied upon by contestant as the "*indicia* of undue influence" (see *Estate of Yale,* 214 Cal. 115, 122 [4 P.2d 153]; *Estate of Bourquin,* 161 Cal.App.2d 289, 299 [326 P.2d 604]; *Estate of Nelson,* 227 Cal.App.2d 42, 48 [38 Cal.Rptr. 459]), the essential elements which bring the presumption of undue influence into play are the following: (1) the existence of a confidential or fiduciary relationship between the testator and the person alleged to have exerted undue influence; (2) active participation by such person in preparation or execution of the will; and (3) an undue benefit to such person or another person under the will thus procured. (*Estate of Fritschi,* 60 Cal.2d 367, 376 [33 Cal.Rptr. 264, 384 P.2d 656]; *Estate of Nelson, supra,* at p. 57; *Estate of Niquette,* 264 Cal.App.2d 976, 982 [71 Cal.Rptr. 83].) In *Fritschi, supra,* it was noted that the existence of a confidential relationship and the fact that the will is an "unnatural one" is not enough to establish undue influence. (P. 374.) Accordingly, if the person alleged to have exerted undue influence has not actively participated in the preparation or execution of the will, undue influence is not established even though such person may have been in a confidential relationship with the testator and have unduly profited from the will. (See *Estate of Fritschi, supra,* at p. 376; *Estate of Nelson, supra,* at pp. 57-58.)

---

[1] In stating these elements contestant relies upon 1 Condee, California Probate Court Practice, section 374, page 248.

Before determining whether there are triable issues of fact in this case pursuant to the summary judgment procedure provided for in Code of Civil Procedure section 437c, we must call to mind certain basic principles applicable to summary judgments and pertinent to the instant proceeding.

██ "A summary judgment will stand if the supporting affidavits state facts sufficient to sustain a judgment and the counteraffidavits do not proffer competent and sufficient evidence to present a triable issue of fact." (*Saporta* v. *Barbagelata,* 220 Cal.App.2d 463, 468 [33 Cal.Rptr. 661]; *Snider* v. *Snider,* 200 Cal.App.2d 741, 748 [19 Cal.Rptr. 709].) ██ The affidavit of the moving party is strictly construed and it must satisfy three requirements: "(1) It must contain facts sufficient to entitle the moving party to a judgment, i.e., facts establishing every element necessary to sustain a judgment in his favor; (2) such facts must be set forth with particularity, i.e., all requisite evidentiary facts must be stated, and not the ultimate facts or conclusions of law; and (3) the affiant must show that if sworn as a witness he can testify competently to the evidentiary facts contained in the affidavit. [Citations.] These requirements are applicable even though no counteraffidavit is filed, . . . [Citations.]" (*Saporta* v. *Barbagelata, supra,* at p. 468.) ██ With respect to the affidavit, a deposition may be treated as an affidavit for the purposes of Code of Civil Procedure section 437c, and it is proper to use a deposition in support of, or in opposition to, a motion for summary judgment in conjunction with or in lieu of affidavits. (*Saporta* v. *Barbagelata, supra,* at p. 469; *Kramer* v. *Barnes,* 212 Cal.App.2d 440, 444 [27 Cal.Rptr. 895]; *Estate of Nelson, supra,* 227 Cal.App.2d 42, 47.) ██ In this regard it should be noted that since a deposition is given under oath (Code Civ. Proc., § 2019, subd. (c)) and filed in the proceedings (Code Civ. Proc., § 2019, subd. (f)(1)) for use as evidence in the action as provided in Code of Civil Procedure section 2016, it may be used in a summary judgment proceeding without the necessity of a showing by the affiant that if sworn as a witness he can testify competently to the evidentiary facts contained in the deposition. (See *Schirmer* v. *Lyback,* 193 Cal.App.2d 807, 809 [14 Cal.Rptr. 700]; see also *Nizuk* v. *Gorges,* 180 Cal.App.2d 699, 709 [4 Cal.Rptr. 565].)

██ In the present case the parties differ concerning whether the entire deposition of contestant was before the court in connection with the summary judgment motion. Respondents contend that only the excerpts from the deposi-

tion which they quoted verbatim in their ''Memorandum of Points and Authorities'' were before the court. Aside from the doubtful validity of presenting depositions in this manner, we note that respondents' motion specifically states that among the papers upon which it is based is the deposition of contestant, and that the judgment of dismissal recites that the trial court considered ''depositions.''[2] It appears, therefore, that the motion was adjudicated upon the deposition of contestant in its entirety and in conjunction with the declarations.[3]

We now turn to the record to determine whether there are any triable issues of fact in this case. In order to define the issues (see *Family Service Agency of Santa Barbara* v. *Ames,* 166 Cal.App.2d 344, 348 [333 P.2d 142] ; *University of So. Cal.* v. *Weiss,* 208 Cal.App.2d 759, 766 [25 Cal.Rptr. 475]), we note that in contestant's petition for revocation of the probate of the will he alleges that the will was made and procured as the direct result of undue influence exercised by the Wentzs, that decedent was at an advanced age at the time of death and was easily influenced by those in whom he had confidence, and that the Wentzs had come to control the business owned by decedent. He further alleges that the Wentzs were in a position to impose their will on decedent and that the disputed will is the result of such imposition. Contestant does not allege that either or both of the Wentzs participated in the actual procuring, preparation or execution of the will.

In considering the declarations and the deposition we note that respondents do not urge that there is no triable issue of fact as to the existence of a confidential relationship between the testator and the Wentzs. Neither do they urge the absence of a triable issue of fact as to undue profit by the Wentzs under the will. Respondents allege no facts which would tend to negate these two issues of fact. The basis of their motion is simply that there is no triable issue of fact with respect to whether the Wentzs participated in the procuring or execution of the will. Of course, as noted above, if there is no triable issue of fact with respect to this essential element of undue influence, respondents have a complete defense to the instant will contest and are entitled to a summary judgment.

---

[2]In this regard it should be noted that the only deposition on file at the time the motion was heard was that of contestant.

[3]Contestant's entire deposition is a part of the clerk's transcript on appeal.

Adverting, first, to the declarations, Glenn and Marian Wentz, in separate declarations, aver that they never influenced nor sought to impose their will upon decedent regarding the terms of his will; had no knowledge of the preparation of the will prior to its execution and were not present at its execution; never discussed the contents of the will with decedent or engaged in any activity in the procuring, preparation and execution of the will. Attorney Robert Morrison avers in his declaration that he was responsible for the preparation of the will of decedent and prepared it solely from the instructions of the decedent himself. Morrison further avers that he was never contacted by the Wentzs regarding the content of the will and that he knew of no participation by the Wentzs in the procuring, preparation or execution of the will. Each of these three declarations indicate that the declarants could competently testify that neither of the Wentzs actively participated in procuring, preparing or executing the probated will. In the absence of counterdeclarations or affidavits, the court below was entitled to accept as true the facts within the personal knowledge of declarants and to which they could competently testify. (See *Jones v. Forburger*, 248 Cal.App.2d 64, 66 [56 Cal.Rptr. 250].) We observe that, although the declaration by the Wentzs that they never influenced decedent regarding the terms of his will is a conclusion rather than a statement of evidentiary fact, the remaining declarations, although negative in character, have probative value. Respondents in this case were obligated to prove a negative, to wit, that they did not participate in the procuring, preparation or execution of the will in question. The declarations that they had no knowledge of the will prior to its execution, never discussed its contents or preparation with decedent or anyone, were not present at its execution, that they did not seek to impose their will upon decedent regarding the terms of the will, and that they did not engage in any activity in the procuring, preparation and execution of the will, justified the implied inference that the Wentzs did not actively participate in the procuring, preparation or execution of the will. The admissibility of testimony that a fact did not occur is "founded on the witness' failure to hear or see a fact which he would supposedly have heard or seen if it had occurred." (2 Wigmore, Evidence (3d ed.) § 664; see *Hinton v. State of California*, 124 Cal.App.2d 622, 624-625 [269 P.2d 154]; *Hamilton v. Pacific Elec. Ry. Co.*, 12 Cal.2d 598, 603, 604 [86 P.2d 829].) Here, obviously, the Wentzs

were persons who were in a position to know if they had knowledge of the will or if they had discussed its contents or preparation with decedent or anyone, or if they had been present at its execution.

 We now consider contestant's deposition. Contestant urges that the essential factual elements of his case appear in the deposition but we do not perceive them. To the contrary, the deposition discloses that contestant testified he had no knowledge or information that either of the Wentzs were involved in the preparation or execution of the will, or that they had any knowledge or information that connected them with its preparation or execution, or that they had any knowledge concerning the will. When queried as to whether he had any information that Glenn and Marian Wentz had any influence on decedent in the preparation of his will, contestant responded: "I don't have any direct information." And when asked if he knew of any way it could be proved that either of the Wentzs influenced the preparation of the will, contestant replied "No." A reading of the deposition discloses, moreover, that contestant's basis for alleging undue influence was founded on surmise, suspicion and conjecture which finds its genesis on his belief that decedent could be easily influenced and "could not stand up against Glenn's will." Contestant further surmises that decedent could not draw up such a complicated will "without advice of other people"; points out that Glenn Wentz had a close business relationship with decedent, and notes that the Wentzs inherited the bulk of decedent's estate. The only evidence touching upon the matter of possible influence upon decedent was contestant's testimony that Glenn Wentz told him in December 1959, in connection with decedent's business matters, that he (Glenn) could get decedent "to do anything." In sum, contestant's testimony in his deposition amounts to no more than that the Wentzs had an opportunity to influence the mind of the testator. As stated in *Estate of Welch*, 43 Cal.2d 173, 175 [272 P.2d 512], "mere opportunity to influence the mind of the testator, even coupled with an interest or a motive to do so, is not sufficient." (See also *Estate of Fritschi, supra,* 60 Cal.2d 367, 373-374.)

In the present case the declarations and deposition establish an absence of evidence demonstrating that the Wentzs participated in procuring the execution of the will. As noted in *Fritschi,* in the absence of such evidence contestant cannot

weld a "causal link between the ability to influence the testator arising from the confidential relationship and the unnatural document." (60 Cal.2d at p. 374.)

The judgment is affirmed.

Sims, J., and Elkington, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied October 22, 1969.