[Civ. No. 44021. Second Dist., Div. Two. Apr. 17, 1975.]

HAL BARON, Plaintiff and Respondent, v.
ROSCO MARE et al., Defendant and Appellant.

COUNSEL

Yanover & Kreshek and Lawrence J. Yanover for Defendants and Appellants.

Hal Baron, in pro. per., for Plaintiff and Respondent.

OPINION

BEACH, J.—

NATURE OF CASE:

Appellant Rasco Mare (sued as Rascomare) appeals from a summary judgment granted in favor of respondent and against appellant in an action brought on a written contract for attorneys' fees. Ray Sarlot, one of the named defendants in the action, is not a party to this appeal.

BACKGROUND:

Appellant employed respondent, an attorney, to represent it with reference to a zoning matter being considered by the City of Los Angeles. The written agreement is on a letterhead form of respondent and in part pertinent hereto reads as follows:

> "Dated: Feb. 5, 1973
> "Re: Zoning at 2385 Roscomare
> "Dear Sir:
> "You are hereby retained as attorney to represent the undersigned in connection with the above-referenced matter.
> "I agree to pay attorney an advance retainer of $3500.00 to be deducted from a fee computed as follows: Total fee of $10,000 with $3500 down and balance of $6500 *contingent* on zoning to RD1.5. . . . (Italics added.)
> "If legal proceedings are instituted for collection of aforesaid fees, client shall pay costs and an additional reasonable attorney's fee. All fees shall be paid within 30 days of presentation, and *are not contingent* upon the outcome of this matter." (Italics added.)

This was the wording of the contract on February 5, 1973. However, on February 27 during a hearing of this matter, respondent changed the

wording on the form by striking the designation "RD1.5" and inserting therein "RD2" and defendant Sarlot on behalf of appellant initialled the change.[1] After the hearing the property was zoned RD2 and thereupon respondent billed appellant for the $6,500. Appellant did not pay and respondent sued. Respondent's complaint alleged the execution of the written contract between respondent and appellant, and the nonpayment of the $6,500. The answer of respondent did not deny the execution of the written contract as amended and did not deny that the $6,500 was not paid, but denied that the $6,500 was due. By way of affirmative defense, appellant alleged that the contract was amended under circumstances which appellant alleged were coercive, oppressive and wrongful, and that it received no consideration for making of the amendment to the contract and also alleged a complete failure of consideration. Respondent moved for and obtained a summary judgment.

APPELLANT'S CONTENTIONS:

Appellant contends:

1. The declaration of respondent in support of his motion for summary judgment is defective in form and is insufficient in content to support a summary judgment.

2. There is a triable issue of a material fact presented by the pleadings as well as by the declarations filed in connection with the motion for summary judgment.

DISCUSSION:

We agree with appellant and we reverse the judgment.

1. *The formalities of the declaration.*

The purpose and reason for the summary judgment statute are to protect the rights of the plaintiff from the harassing delays that ordinarily accompany evasive, spurious and meritless defenses (*Buffalo Arms, Inc.* v. *Remler Co.,* 179 Cal.App.2d 700 [4 Cal.Rptr. 103]), and to expedite litigation by avoiding needless trials (*Cone* v. *Union Oil Co.,* 129 Cal.App.2d 558 [277 P.2d 464]).

---

[1]These numbers RD1.5 and RD2 refer to the type of building and activity permitted within certain areas. Appellant could have built an 85-unit condominium on an RD1.5 zone, 66 units on an RD2, and only 43 units on an RD3. Presumably the RD2 zoning was easier to obtain than the RD1.5.

In attempting to achieve the purpose of the statute, formalities required by other parts of the law cannot be ignored. ■ The formalities required of an affidavit or declaration are lacking in respondent's declaration. (Code Civ. Proc., § 2015.5.) It should not have been considered by the trial court. The declaration is undated and it does not indicate where it was executed.[2] Additionally, respondent in his declaration under penalty of perjury declares only that all of the facts stated are within his personal knowledge. This does not suffice. The respondent does not comply with the statute and declare that the facts set forth in his declaration *are true.*

### 2. *Sufficiency of the declaration:*

■ Plaintiff possibly may again move for summary judgment with an amended declaration formally sufficient. Therefore, we deem it appropriate to consider the substantive matters set forth in the present declarations of respondent and appellant.[3] The declaration is substantively insufficient to support the grant of a summary judgment. At the time of the motion the procedure therefor was set forth in former Code of Civil Procedure section 437c. There is no need to here repeat the interpretive language of the authorities and many cases explaining the tests to use in examining the declarations in support of and in opposition to the motion. (See for a general discussion 4 Witkin, Cal. Procedure (2d ed.) § 173, p. 2825 et seq., and especially § 180, p. 2832 et seq. and § 188, p. 2837; *Eagle Oil & Ref. Co.* v. *Prentice,* 19 Cal.2d 553 [122 P.2d 264]; *Coyne* v. *Krempels,* 36 Cal.2d 257 [223 P.2d 244]. See also comprehensive gathering of cases in 14A West's Ann. Cal. Codes, Code Civ. Proc., § 437c, p. 441 et seq. arranged for location of cases dealing with particular aspects.) It will suffice here to recall that upon motion for summary judgment a good test question is: "Do the declarations[4] of the

---

[2]Although the declaration contains at the beginning the ancient form
"State of California    )
                       ) ss."
    County of Los Angeles )
as indicating the presumptive situs, this does not state that it was executed at Los Angeles, California.

[3]Our opinion relative to the substance of the declarations we believe will apply to any declarations or affidavits hereafter filed in support of or in opposition to a motion for summary judgment herein, irrespective of the 1973 repeal of former section 437c of the Code of Civil Procedure and the enactment of the new Code of Civil Procedure section 437c (Stats. 1973, ch. 366, p. 807 § 1, p. 807 § 2).

[4]Although the new statute (Code Civ. Proc. § 437c) now authorizes the use and consideration of other documents and other judicially noticeable matter, at bench there were only the pleadings and the two opposing declarations. Thus the repeal and reenactment of the statute in new form (see fn. 3, *ante*) does not affect our decision here.

parties, together with reasonable inferences therefrom, resolve all the material factual disputes that seemed to be present under the pleadings?"

Here the declarations on behalf of the parties (ignoring mere conclusions and expressions of their subjective states of minds) established these facts: A written (although somewhat ambiguous) contract was executed by the parties on February 5, 1973. Later the contract was amended to provide for payment of $6,500 "contingent on zoning RD2" instead of "contingent on zoning RD1.5." Appellant's agent (Sarlot) did not truly agree to the change but signed the change "to avoid a scene" in public. The planning commission was going to recommend the RD2 zone and so informed appellant prior to the appearance of the attorney and prior to the modification of the contract. The respondent (attorney) was late to the hearing and presumably, therefore, did not provide or render all services originally agreed to be rendered by him.

Ordinarily such case indicates little existence of any valid defenses, and a proper case for granting summary judgment. Initially, this appears to be simply a case of appellant unnecessarily agreeing to a modification of a contract simply because he was urged by the other party. The reason given by appellant for its agreeing to the change of the contract (i.e., to avoid a fuss or scene at the public meeting) does not raise what is ordinarily regarded as a sufficient and satisfactory defense. Unwise contracts are not necessarily illegal or without consideration. Foolishness is not ordinarily a justification for relief by a court. However, in our view this is not a case of two ordinary individuals entering into an agreement or bargain governed by principles applicable to horse traders. The parties here are an attorney and his client. The contract is for the providing of services by the lawyer. Appellant's declaration shows facts which, when applied to the case of a lawyer making a fee contract with his client, demonstrate the existence of serious fact questions, which should be clearly resolved before a court grants recovery. Moreover,, the contract even as amended was still ambiguous. In one sentence payment was contingent on certain zoning. In another sentence payment was not contingent.

Appellant's affirmative defense supported by its declaration, which we liberally construe, charges that respondent did nothing by way of accomplishing the particular change of zoning for which he was originally hired, and that respondent persuaded appellant to agree to pay him an additional $6,500 without consideration. The planning commis-

sion had already indicated it would recommend an RD2 zone change. This was not the result of any effort on the part of the attorney, respondent. The agreeing to change the condition upon which appellant would pay $6,500 to respondent, from that of obtaining an RD1.5 zoning (which would in effect require additional work by respondent) to the obtaining of zoning at RD2, which was an accomplished fact and for which respondent exerted no effort and appellant received nothing further, was an agreement without consideration. Respondent's declaration in opposition to these asserted facts is not sufficient to eliminate them as triable fact questions. Respondent stated:

"3. Under the terms of the contract, Defendant, RAY SARLOT, retained my legal services for a total fee of $10,000.00. Defendant was to pay $3,500.00 down and the balance, $6,500.00, to be contingent on the rezoning of Defendant's property to RD1.5.

"4. When, in my professional opinion, it became apparent that the City Council and the residents of the area would enforce a rollback of the property to RD3, I suggested to the Defendant that it would be in his best interest to have me use my professional knowledge and skill toward trying to zone the property to RD2. Defendant accepted my advice, and accordingly did initial this modification in the contract. If said rollback had been successful, Defendant would have been able to construct only 43 dwelling units which Defendant claimed was economically unfeasible. Under the zone change which Plaintiff obtained for Defendant, he can now develop his property with 66 dwelling units.

"5. Through my efforts and skill in persuading the City Council to permit the Defendant to develop his property in a manner economically feasible and consistent with the general environment, Defendant's property was rezoned to RD2."

Respondent does not deny in his declaration that this change occurred at the hearing, after appellant had made its own presentation. (Seemingly appellant did the work which respondent was hired to do.) Nor does respondent deny that the establishment of RD2 zone had been previously accepted by the planning commission as the zone classification (which it would recommend to the city council). In addition, the meaning of the term in the contract "represent me" is uncertain. What did the parties intend by use of that term? It was an issue of fact necessary to be determined by the trial court to determine if consideration from the attorney to the client had been given. Respondent's

declaration does not remove several fact questions presented by the pleadings and appellant's counterdeclaration. Respondent's declaration is mostly conclusionary rather than factual. Respondent claims therein that the zone change resulted from his skill, efforts and persuasion. This is all conclusionary and does not describe what the efforts were. Did respondent study; research; write letters, memos, briefs and opinions; telephone; make oral argument or presentation of information; present evidence; testify, call witnesses, present petitions or documents at any hearing; organize persons to appear in support of his client's cause? We do not know. Was any of this intended to be done under the provision of the contract which said "represent me?" We do not know. The law would imply that some of it would be required.

More importantly under the facts disclosed here, as a lawyer, respondent had the fiduciary obligation fully and clearly to inform and explain to his client, appellant, prior to any modification of the written agreement, that respondent owed appellant the duty to exercise respondent's best efforts to obtain (at least to seek) the particular zoning which the client sought through the services of the lawyer; that if such contingency did not occur client would not owe lawyer anything further, even if lawyer's efforts to obtain the original contingency resulted in something less, but yet of benefit to the client. There is no allegation or declaration that this was done prior to (or even during or after) the change in the written contract.

The respondent's declaration does not answer the factual questions of whether or not respondent-attorney made the efforts required of him to try and obtain the results originally sought by client; and whether or not there were any efforts made by attorney for *any* result, and whether before the change in the contract, it was known or announced that the adoption of the particular zone (used in the changed contingency) was an accomplished or a certain-to-be-accomplished fact.

A lawyer legitimately may bargain with a prospective client and deal at arm's length in entering into a contract of employment. (For discussion, see 1 Witkin, Cal. Procedure (2d ed.) Attorneys, § 53, p. 61.) It is not improper for the lawyer to receive a large fee. Such fees are not unethical or prohibited simply because they are substantial in amount. However, once created the lawyer-client relationship is a fiduciary relation. A change in the agreement of employment which makes it easier for the attorney to obtain his fee seems to us a change benefiting the fiduciary. In such a case the discussion, concerning former Civil

Code section 2235, in *Bradner* v. *Vasquez*, 43 Cal.2d 147, 152 [272 P.2d 11], is applicable. "When a fiduciary enters into a transaction with a beneficiary whereby the fiduciary's position is improved, or he obtains a favorable opportunity, or where he otherwise gains, benefits, or profits, it may fairly be said that an advantage has been obtained." The 1963 amendment to Civil Code section 2235 declares that the presumptions of insufficient consideration and undue influence do not apply to the contract of employment. (This would seem to apply equally to contracts of employment of lawyers. See Witkin, *supra,* at pp. 57-59.) The amendment is not significant at this point because it is not the applicability of a presumption with which we are dealing. Here the appellant *declares* that respondent failed to appear at the hearing, inserted the change in the contract, and persuaded appellant's representative to initial the change and gave no consideration for the change. Appellant must, of course, prove these allegations and demonstrate the unfairness unaided by the presumption. The appellant here is in some respects like the defendant in *Rader* v. *Thrasher*, 57 Cal.2d 244 [18 Cal.Rptr. 736, 368 P.2d 360]. There the defendant signed a contract, at a crucial stage and under duress, but, because of his outrage with plaintiff's conduct, did not trust plaintiff and did not intend to abide by the contract. The court there held he was not bound by it. Cases involving the question of lawyers' fees are matters in which the court has more to do than merely explain and apply ordinary rules of contract law. It is the duty of the courts to prevent unconscionable contracts between lawyers and clients.[5] Whether the fee was unconscionable in this case depends upon what the lawyer did and what he promised to do under the original agreement, as well as under the amended agreement. These remain unresolved fact questions.

Respondent's declaration was statutorily insufficient in its formal requirements to be considered by the trial court. The statements in appellant's declaration, liberally construed, raised triable fact issues concerning (a) fair dealing in making of the amended or new contract, and (b) whether or not consideration was in fact given by the respondent-attorney for the new promise of appellant.

The judgment is reversed.

Roth, P. J., and Fleming, J., concurred.

---

[5](E.g., see Rules of Professional Conduct, effective Jan. 1, 1975, rule 2-107.)