[Civ. No. 23555. Third Dist. Dec. 9, 1985.]

SOUTHERN PACIFIC TRANSPORTATION COMPANY et al., Plaintiffs and Appellants, v.
STATE BOARD OF EQUALIZATION et al., Defendants and Respondents.

440

COUNSEL

Arnold I. Weber, William E. Saul, Claude F. Kolm, Michael L. Johnson and Pohle, Johnson & Mitchell for Plaintiffs and Appellants.

John K. Van de Kamp, Attorney General, Edward P. Hollingshead, Deputy Attorney General, L. B. Elam and Ralph R. Kuchler, County Counsel,

Diane C. Popowski and Monte L. Fuller, Deputy County Counsel, and Elaine M. Cass, City Attorney, for Defendants and Respondents.

## OPINION

**BLEASE, J.**—Southern Pacific Transportation Company and its California railroad subsidiaries (Southern Pacific) appeal from a judgment dismissing an action against 355 counties and cities to recover property taxes. Revenue and Taxation Code section 5147 provides that such an action must be dismissed "unless the summons shall have been issued and served and the return thereon made within one year after the commencement of said action, except where the parties have filed a stipulation in writing that the time may be extended." No return of summons was made in this case within one year after commencement. The trial court dismissed the action against all of the defendants for this failure. We will reverse the judgment as to most of the defendants on the ground they stipulated that the time was extended or are estopped to raise the issue. We will affirm the judgment as to the County of Inyo and all cities located therein on the ground they did not so stipulate and are not estopped. In the published portion of this opinion* we will hold that the City of Montague made a general appearance following service of process which waives return of process and renders further compliance with section 5147 unnecessary.

FACTS*

.   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .

DISCUSSION

I-II*

.   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .

III

This action was filed in Sacramento Superior Court on June 20, 1979, seeking recovery of property taxes paid for tax years 1974-1975,

*See footnote *ante*, page 438.

1975-1976, and 1976-1977. Between March 31, 1980, and April 8, 1980, Southern Pacific mailed copies of the summons and complaint and notice and acknowledgment of receipt forms for the 1974-1977 recovery action to each named defendant. On April 17, 1980, the City of Montague filed an answer to the complaint. As we will show, this general appearance within one year by the City of Montague renders further compliance with the requirements of section 5147 by Southern Pacific an idle action. Nonetheless, *Ford Motor Co.* v. *County of Tulare* (1983) 145 Cal.App.3d 688 [193 Cal.Rptr. 511] holds that a plaintiff who does not perform such idle acts must suffer dismissal under section 5147. We reject this holding.

■ The purpose of section 5147 is to compel diligence in obtaining jurisdiction over defendants by requiring that the plaintiff serve process and make a record of it within one year of the commencement of the action. But a general appearance by answer within that period *completely* serves every conceivable policy objective of section 5147. "Process is waived by a general appearance, in person or by attorney, entered in the action . . . . A defendant has a right to demand that process be issued against him in the manner provided by law, but if process is not so issued and he appears generally without making objection, such appearance, being the purpose of the process, confers jurisdiction of the person and the court is empowered to act in the premises." (*Harrington* v. *Superior Court* (1924) 194 Cal. 185, 189 [228 P. 15]; see also 2 Witkin, Cal. Procedure (3d ed. 1985) Jurisdiction, § 147.)

■ Southern Pacific has substantially complied with section 5147 by commencing service of process followed by the city's answer. ■ "Substantial compliance, as the phrase is used in the decisions, means *actual* compliance in respect to the substance essential to every reasonable objective of the statute." (*Stasher* v. *Harger-Haldeman* (1962) 58 Cal.2d 23, 29 [22 Cal.Rptr. 657, 372 P.2d 649].) Where there is compliance as to all matters of substance technical deviations are not to be given the stature of noncompliance. (2A Sutherland, Statutory Construction (4th ed. 1984) § 57.26, p. 702.) Substance prevails over form. When the plaintiff embarks upon service of process and the defendant responds by a general appearance within one year, every reasonable objective of section 5147 has been satisfied. The completion of service of process and the making of a return thereon within one year are then rendered, a fortiori, mere technicalities, forms which should give way to the substance of compliance.

The only impediment to these conclusions is *Ford Motor Co., supra,* 145 Cal.App.3d 688. Its contrary holding rests on two pillars. First, unlike former Code of Civil Procedure section 581a (Stats. 1982, ch. 600), section

5147 does not say that a general appearance within the statutory period is an exception. Second, an earlier version of the bill which was enacted as section 5147 contained such language but it was deleted by amendment. The *Ford Motor Co.* opinion infers from this a legislative policy to compel completion of service of process and filing of return thereon under section 5147 regardless of the defendant's general appearance within one year of commencement of the action. This reasoning is unpersuasive.

■ The rule in *Ford Motor Co.* seeks support in the contrast between the language used in former section 581a and section 5147. It says: "It is a well recognized principle of statutory construction that when the Legislature has carefully employed a term in one place and has excluded it in another, it should not be implied where excluded. (*Bott* v. *American Hydrocarbon Corporation* (5th Cir. 1972) 458 F.2d 229, 233; *City of Burbank* v. *General Electric Company* (9th Cir. 1964) 329 F.2d 825, 832; 2A Sands, Sutherland Stat. Const. (4th ed. 1973) Intrinsic Aids, § 47.38, p. 173.)" (*Ford Motor Co., supra,* 145 Cal.App.3d at pp. 691-692.) However, the authorities cited refer to the inference afforded when usage differs *within* a single enactment. In such a case the different usages come before the Legislature together. The strength of the inference that the discrepancy is significant largely depends upon this simultaneity. That different usages occur in statutes developed in separate enactments is of little significance per se.

■ *Ford Motor Co.* also draws meaning from the amendment of Assembly Bill No. 1985 (1975-1976 Reg. Sess.) during its passage which it claims deleted from section 5147 a proviso that excepted a general appearance. The deletion of a provision from a bill is often judicially taken as a legislative policy choice. (See *Ford Motor Co., supra,* at p. 692; Sutherland, *supra,* § 48.18.) However, that is not always the case. "Adoption of an amendment is evidence that the legislature intends to change the provisions of the original bill." (Sutherland, *supra,* § 48.18, p. 341; fn. omitted.) But, "[a]n amendment may have been adopted only because it better expressed a provision already embodied in the original bill or because the provision in the original bill was unnecessary as unwritten law would produce the same result without it. Thus caution must be exercised in using the action of the legislature on proposed amendments as an interpretive aid." (*Ibid.;* fns. omitted.)

■ The amendment of Assembly Bill No. 1985 upon which *Ford Motor Co.* relies is insufficient to support its holding. Section 5147 was preceded by former Revenue and Tax Code section 5138. (Stats. 1967, ch. 1236, § 2.)[5] The text of section 5147 is identical to the second paragraph of its

---

[5]The vehicle for this enactment was Senate Bill No. 1248, 1967 Regular Session. No mention of the effect of a general appearance occurred in the various versions of this bill.

predecessor. The amendment of the bill, upon which *Ford Motor Co.* relies, occurred in the Senate on February 4, 1976, included many changes. A major portion of the text was stricken. Several sections of the original bill, including the section containing the provision with a general appearance exception, were stricken. Among the many new provisions added was a section 5143 which became the present section 5147. In these circumstances we do not think that the change to language which did not explicitly except a general appearance reflects a policy choice. It is likely that the drafters returned to the existing statute as the source of text rather than to the stricken language.

The contextual foundation for a legislative policy choice to compel return of service notwithstanding a timely general appearance is weak. We will not obtain from these tea leaves a reading which would frustrate the policy objectives of section 5147. The City of Montague was not entitled to dismissal under section 5147.

### Disposition

The judgment of dismissal of the County of Inyo and any defendant cities therein is affirmed. With that exception, the judgment is reversed.

Puglia, P. J., and Sparks, J., concurred.

Petitions for a rehearing were denied January 3, 1986, and respondents' petitions for review by the Supreme Court were denied April 3, 1986.