[No. B010768. Second Dist., Div. Seven. Apr. 9, 1986.]

MARY KAY WITCHELL, Plaintiff and Appellant, v.
JOHANNES H. DE KORNE et al., Defendants and Respondents.

**COUNSEL**

Christian Menard for Plaintiff and Appellant.

Ronald W. Chrislip for Defendants and Respondents.

**OPINION**

**CROSKEY, J.\*** This is an appeal by the plaintiff Mary Kay Witchell (hereinafter plaintiff) from an order directing the entry of

---

\*Assigned by the Chairperson of the Judicial Council.

summary judgment against her on her complaint and in favor of the defendants Johannes H. De Korne and Francisca De Korne (hereinafter the De Kornes).[1]

## FACTUAL BACKGROUND

Plaintiff commenced this action on June 28, 1979, and sought damages, and injunctive and other affirmative relief not only from the De Kornes but also from the other named defendants, Pete J. Van Beek and Johannes E. Van Beek (hereinafter the Van Beeks) and Malibu Mortgage Co. (hereinafter MMC). Plaintiff's claim arises from a real estate transaction which closed on February 25, 1977, in which plaintiff purchased an unimproved parcel of land located in Malibu from the Van Beeks. The terms of the sale called for a $12,000 down payment by plaintiff with the balance of $48,000, evidenced by a promissory note. According to the terms of the promissory note, secured by a first trust deed on the purchased property, it bore interest at the rate of 8 percent per annum and was payable over five years with monthly payments of $480 or more, two incremental payments of $3,000 each on the first and second anniversaries of the close of escrow and a final balloon payment of the balance of the unpaid principal at the end of the fifth year.

In her complaint, plaintiff alleges five separate causes of action, all of which are based upon the same underlying facts. She alleges the purchase of the lot upon the aforesaid terms of sale. She further alleges that her obligation to make payments, other than "interest only payments," was expressly conditioned upon the making of certain improvements by the sellers to a private access road. She contends that the improvements were not made as promised and thus her obligation to make principal payments on the note never arose.

Based upon that fundamental dispute, she seeks in her first cause of action an injunction to prevent the De Kornes from foreclosing on the deed of trust because certain principal payments had not been made; in her second cause of action, damages for the incremental principal payments that she had been induced to make by misrepresentations made by the De Kornes, as successors in interest to the Van Beeks, concerning the nature and quality of

---

[1]Plaintiff appeals from the order granting summary judgment. However, no judgment was ever entered. An appeal does not lie from such an order. (9 Witkin, Cal. Procedure (3d ed. 1985) Appeal, § 76, p. 100.) Since under the current provisions of Code of Civil Procedure section 437c, the decision of the court below is reviewable by mandate and since the issues have been fully briefed and argued and no protest to the appeal has been made by defendants, we elect to treat plaintiff's appeal as a petition for a writ of mandate. (*Estate of Hoertkorn* (1979) 88 Cal.App.3d 461, 463 [151 Cal.Rptr. 806]; *Barnes* v. *Molino* (1980) 103 Cal.App.3d 46, 50-51 [162 Cal.Rptr. 786].)

improvements to the road which they claimed had been made; in her third cause of action, specific performance of the agreement requiring the Van Beeks to make the improvements to the access road; in her fourth cause of action, damages for loss of use of the property because of the failure of the De Kornes to complete the promised improvements to the access road; and finally, in her fifth cause of action, attorney's fees under the provisions of Civil Code section 1717 (apparently on the assumption that an action to restrain the foreclosure of a deed of trust containing an attorney's fee clause is an action "on a contract").

The sale agreement (attached as an exhibit to the complaint) further provided that plaintiff would not be required to make *any* payments on the note *other than interest* until such improvements were completed.[2] This limitation on plaintiff's obligation to make payments was endorsed on the note.

Based on a review of the record herein, the following additional facts appear to be relevant. On May 5, 1978, the Van Beeks assigned their beneficial interest in the note and deed of trust to the De Kornes.[3] Prior to this assignment plaintiff had failed to make the payment of $3,000, which was due on February 25, 1978, and also had become delinquent on the monthly payments of $480.[4] Although plaintiff alleges in her complaint that the rea-

---

[2] The escrow instructions of December 28, 1976, provided in relevant part: "Both Buyer and Seller do hereby agree that *the private driveway* referred to as Noranda Lane on Map No. 6081 being a division of Parcel 4, Map 3821 PMB 59, P.S. 35-36 *will be improved in such a manner that the quality of the pavement will compare to the quality of the pavement of the Private Roadway intersecting Decker Canyon Road approximately 1½ miles north of Pacific Coast Highway as it was seen on June 27, 1976 and consisting of chipped gravel and oiled.* Said improvements will be completed by Seller at his expense. Any damage to said Noranda Lane due to wear and tear, natural causes and/or "Acts of God" will also be repaired by Seller for a period of five years from the date Notice of Completion of original surface improvements have been recorded. In the event the surface improvements have not been completed by the close of this escrow, both Buyer and Seller will notify escrow holder in writing to same and Seller will then agree that Buyer will make interest only payments on Note secured by First Deed of Trust held by Seller until the said surface improvements have been completed. *Buyer also agrees to use only inflated tires and vehicles of maximums weight of 7 tons on Noranda Lane.*" (Italics supplied.)

These instructions were modified on February 16, 1977, in the following relevant particulars: "As per the original escrow instructions herein dated December 28, 1977, item 'B', buyer and seller agree that the road referred to therein has not been completed, *and that buyer will make interest only payments on the trust deed note* being created in this transaction in favor of seller *until said improvements are completed.* You are to endorse the reverse of the note with this agreement. Escrow holder is not to be concerned with with [*sic*] completion of said road, or length of time which interest only payments will be made. *Principal and interest installment will commence on the next payment due after road is completed.*" (Italics supplied.)

[3] The interest of the defendant MMC was that of trustee.

[4] If, pending the De Kornes' performance of their obligation to complete the roadway, plaintiff's sole obligation was to make "interest only" payments on the note, then her monthly payment should have been no more than $320. However, in view of the result we reach, this confusing inconsistency is not material.

son for the nonpayment of the $3,000 incremental sum was the De Kornes' failure to comply with the condition regarding the paving of the private roadway, the De Kornes assert that the first communication ever received from plaintiff regarding the condition of the road was a letter received from plaintiff's attorney, dated June 7, 1979. The De Kornes state that in early August 1978, they expended $11,800 in paving the roadway with gravel and oil which, in their understanding of the agreement, was what they were required to do. They further state that this completed the paving work and that they thereafter sent notice of the completion of such improvements to plaintiff and the other persons who had purchased property in the area and depended upon the road for ingress and egress.[5] On or about September 1, 1978, the plaintiff paid the $3,000 incremental payment which had been scheduled for payment on February 25, 1978.

Plaintiff then failed to make the second incremental payment of $3,000 due on February 25, 1979. As a result of that delinquency, the De Kornes initiated private foreclosure proceedings on April 6, 1979. It was in response to that action that plaintiff first caused her attorney to communicate with the De Kornes on June 7, 1979, and thereafter filed this action on June 28, 1979. At the same time, plaintiff sought and obtained a temporary restraining order to prevent the trustee's sale of the property. Later, plaintiff obtained a preliminary injunction on July 20, 1979, which was directed to the De Kornes and the defendant MMC and which restrained any foreclosure sale.

On March 19, 1980, the court, on the motion of the De Kornes, increased the bond to $5,000 and ordered plaintiff to make the monthly installment payments of $480. The court had previously on January 8, 1980, dissolved the injunction as to the De Kornes (for lack of service of notice of the original application). Thus, the injunction remained in effect, but only as to the defendant MMC. Plaintiff filed the bond on July 28, 1980, but thereafter had some difficulty in making the monthly payments of $480. As a result, the De Kornes filed a motion on March 2, 1981, to dissolve the injunction on the grounds that plaintiff had failed to obey the court's order of March 19, 1980. That motion was granted on March 27, 1981. With the injunction lifted, the De Kornes proceeded with foreclosure and received a trustee's deed on or about June 2, 1981. This rendered the first, third and fifth causes

---

[5]It was in this notice that the De Kornes purported to limit plaintiff's use of the roadway to "passenger vehicles" only. Plaintiff claims that this was contrary to her original understanding, as expressed in the sale agreement (see fn. 2), that the only limitation was as to the use of vehicles with a maximum weight in excess of *seven tons*.

of action of plaintiff's complaint moot. However, plaintiff's claims for damages remained.[6]

PROCEEDINGS BELOW

As the trial date on this matter approached, the De Kornes determined to seek a resolution by summary judgment. They obtained, ex parte, an order for an early hearing date. Counsel for plaintiff was given telephone notice of the pendency of this application but did not appear at the ex parte hearing. The application was granted and a hearing on the motion was set for February 18, 1983. A copy of that order, together with a copy of the notice of motion and the moving papers, were served by mail on counsel for plaintiff on February 1, 1983, and in fact, were received on February 2, 1983.[7]

Plaintiff did not file any opposition, whether by way of points and authorities or opposing declarations, to the motion for summary judgment *until the date of hearing.*[8] Although counsel for plaintiff conceded that he received all of the motion papers on February 2, he took no action with respect to the matter until he again looked at the file on February 16, 1983. At that time he realized that the hearing date was two days away. On February 17, 1983, he communicated with counsel for the De Kornes and requested a continuance, which request was denied.

On February 18, 1983, counsel for plaintiff appeared at the hearing and requested a continuance. He also advised the court that he was prepared to

---

[6]The record further discloses, however, that plaintiff apparently did not regard the issue of her right to fee title to, and/or possession of, the land as concluded and filed the following additional actions:

1. *Witchell* v. *Title Insurance & Trust Co. et al.,* WEC69034, on May 7, 1981, seeking declaratory relief and injunctive relief to enjoin the trustee's sale;

2. *Witchell* v. *Van Beek,* WEC70396, on September 8, 1981, seeking damages for fraud in claiming alleged violations of a subdivision map act (i.e., illegal lot split in the original 1977 sale);

3. *Witchell* v. *De Korne,* WEC70590, on September 30, 1981, to set aside trustee sale, quiet title, and recover possession of the subject property.

Plaintiff's motion to consolidate these three actions with the instant proceeding was denied by the court on June 18, 1982.

[7]In 1983, Code of Civil Procedure 437c required only 10 days notice of the hearing. The De Kornes' application for an order shortening time was not to shorten the notice period but to obtain a hearing date on the court's calendar which would not violate the 45-day limitation which then existed in section 437c.

[8]However, the record which the De Kornes placed before the trial court in support of their motion included a declaration of plaintiff (filed in June 1979 in support of her application for a temporary restraining order and preliminary injunction) together with certain relevant exhibits which described in detail *her position* with respect to (1) the oral representations and agreements which were made regarding the completion of the roadway and (2) the extent to which the De Kornes failed to perform those agreements. As we point out, *infra,* this declaration was itself sufficient to raise material issues of fact.

file opposition documents. The request for a continuance was denied and counsel was informed that the opposition papers were not timely and would not be considered. As a result, the De Kornes' motion was effectively unopposed and was granted.

Subsequently, on February 28, 1983, plaintiff filed a motion asking the court to reconsider the order granting summary judgment in favor of the De Kornes. (Code Civ. Proc., § 1008.) Plaintiff argued that she had not been given an adequate opportunity to prepare and submit opposition to the motion and that it had been an abuse of discretion for the court to deny her request for a continuance of the hearing. Plaintiff's points and authorities in support of the motion essentially were a response to the motion for summary judgment and included evidentiary objections to the showing made by the De Kornes in support of their motion. The trial court took the position that plaintiff had not complied with section 1008 and had failed to demonstrate that a different state of facts existed which would justify the court reconsidering its earlier order granting summary judgment. Therefore, the court denied the motion to reconsider. At the time of the hearing on the motion to reconsider, the court, in addition, made an express finding that adequate notice had been given to the plaintiff with respect to the summary judgment motion decided on February 18, 1983. On June 16, 1983, the court signed and filed the order for entry of summary judgment.

### CONTENTIONS OF PLAINTIFF

Plaintiff urges upon us three arguments: (1) that the De Kornes' supporting declaration is defective in both form and content; (2) that the documents and records on file upon which the De Kornes relied, were sufficient to raise material issues of fact; and (3) that the trial court abused its discretion in not granting plaintiff a continuance of the hearing on the motion for summary judgment.

We agree with plaintiff's first two contentions and conclude that the De Kornes' declaration was defective both technically and substantively and, in any event, the record upon which the De Kornes rely demonstrated the existence of material issues of fact. We therefore do not reach plaintiff's third argument.

### DISCUSSION

1. *The De Kornes' Declaration Will Not Support a Summary Judgment*

The office of a motion for summary judgment is " " " "to discover, through the media of affidavits, whether the parties possess evidence re-

quiring the weighing procedures of a trial. In examining the sufficiency of affidavits filed in connection with the motion, the affidavits of the moving party are strictly construed and those of his opponent liberally construed, and doubts as to the propriety of granting the motion should be resolved in favor of the party opposing the motion."'" (*D'Amico* v. *Board of Medical Examiners* (1974) 11 Cal.3d 1, 20 [112 Cal.Rptr. 786, 520 P.2d 10].)

■ Where the moving party's declaration or affidavit is insufficient, there is no need to consider the sufficiency of the affidavits of the opposing party. (*Kelliher* v. *Kelliher* (1950) 101 Cal.App.2d 226, 231-232 [225 P.2d 554].) This is true even if the other party makes no counter showing at all. While it is true, as a general rule, that a failure to file an affidavit in opposition to a summary judgment motion would entitle the trial court to accept as true the facts set out in the moving party's affidavit (*Cone* v. *Union Oil Co.* (1954) 129 Cal.App.2d 558, 563 [277 P.2d 464]), it is also true that there can be no waiver of the right to object to matters inadmissible by virtue of incompetency. (*Southern Pacific Co.* v. *Fish* (1958) 166 Cal.App.2d 353, 365 [333 P.2d 133].)

As the court noted in *Gardenswartz* v. *Equitable etc. Soc.* (1937) 23 Cal.App.2d Supp. 745, 751 [68 P.2d 322]: ". . . summary judgment for plaintiff cannot be ordered, *even though affidavits for the defendant be insufficient or absent,* unless the plaintiff presents affidavits in support of his motion which comply with the section and show that he is entitled to judgment." (Italics added; see also *Coyne* v. *Krempels* (1950) 36 Cal.2d 257, 261 [223 P.2d 244].)

■ While it is arguable that the 1980 amendment to section 437c, which added a provision for waiver of evidentiary objections not asserted in a timely manner, undercut these earlier decisions, we believe such a conclusion to be inappropriate. That amendment did not in any way ease the burden of a party seeking summary judgment to make a *proper* showing.[9] In the same subparagraph of section 437c, the Legislature retained the *mandatory* language regarding the manner in which the motion was to be supported.[10]

### a. *The Declaration Is Technically Defective*

■ The De Kornes filed in support of their motion a declaration dated January 27, 1983. However, the declaration was not signed, there was no

---

[9]See, e.g., *Sesma* v. *Cueto* (1982) 129 Cal.App.3d 108, 113 [181 Cal.Rptr. 12] (where the court reversed a summary judgment because the moving defendant's declaration was conclusionary even though plaintiff apparently had made no objection thereto).

[10]That mandatory language is currently located in section 437c, subdivision (d).

statement that the matters set out in the declaration were true or correct, the declaration did not state the place of execution, it did not state that the information contained in the declaration was based upon personal knowledge and finally, there was no statement that the declaration was made under the penalty of perjury.

In addition, the declaration relies upon numerous exhibits which are attached to the supporting documents but are in no way identified in the declaration. To the extent that they are identified at all, they are described in a memorandum of points and authorities prepared and filed by the attorney for the De Kornes. That memorandum is not under penalty of perjury and does not purport to be an evidentiary document. ■ A memorandum of counsel, not made under the penalty of perjury, cannot serve as a declaration. (*Truslow* v. *Woodruff* (1967) 252 Cal.App.2d 158, 163-164 [60 Cal.Rptr. 304].) ■ Moreover, even if it were a declaration, to the extent that it contains argument, conclusions and hearsay, it would be inadmissible (6 Witkin, Cal. Procedure (3d ed. 1985) Proceedings Without Trial, §§ 288-289, pp. 587-588.)

■ Technical defects in a declaration, such as those that are present here, prevent its consideration as a declaration by the trial court. (*Baron* v. *Mare* (1975) 47 Cal.App.3d 304, 308 [120 Cal.Rptr. 675].) For example, the failure of a declaration to comply with the requirements of Code of Civil Procedure section 2015.5[11] will preclude its use as an evidentiary document in support of a motion for summary judgment. In attempting to achieve the purpose of the summary judgment statute (i.e., economy of litigation where no merit to the opponent's case), the court in *Baron* stated that the ". . . formalities required by other parts of the law cannot be ignored." (47 Cal.App.3d at p. 308.) Similarly, where the declaration fails to state that it is based on the personal knowledge of the declarant, as required by Code of Civil Procedure section 437c, it is insufficient. (*Bowden* v. *Robinson* (1977) 67 Cal.App.3d 705, 719-720 [136 Cal.Rptr. 871].) In short, there was effectively no supporting declaration filed by the De Kornes within the meaning of section 437c.

---

[11]Code of Civil Procedure section 2015.5 provides in pertinent part: "Whenever, under any law of this state . . . any matter is required or permitted to be supported, evidenced, established, or proved by the sworn statement, declaration, verification, certificate, oath, or affidavit, in writing of the person making the same . . . such matter may with like force and effect be supported, evidenced, established or proved by the unsworn statement, declaration, verification, or certificate, in writing of such person which recites that it is certified or declared by him or her to be true under the penalty of perjury, is subscribed by him or her, and (1), if executed within this state states the date and place of execution, or (2), if executed at any place, within or without this state, states the date of execution and that it is so certified or declared under the laws of the State of California. . . ."

### b. *The Declaration Is Also Substantively Defective*

■ The declaration did not address any of the ambiguities that existed in the escrow instructions which constituted the sale agreement between plaintiff and the defendants Van Beeks.[12] Specifically, there was no explanation of the meaning of the requirement contained in the agreement, that the quality of the pavement of Noranda Lane "will compare to the quality of the pavement of the Private Roadway intersecting Decker Canyon . . . as it was seen on June 27, 1976 . . . ." Further, the declaration said nothing about the apparent conflict between (1) the provision in the agreement which limited plaintiff's use of the private road to vehicles with inflated tires and ". . . of maximum weight of 7 tons . . ." and (2) the statement in the handwritten notice which defendants sent to plaintiff in early September 1978 which purported to limit plaintiff's use of the roadway to "passenger" vehicles only.[13]

The pleadings of the plaintiff raise two principal issues. The first relates to the terms of the agreement between the parties with respect to the quality of the "improvements" to be made to the private roadway. The second issue relates to whether or not the roadway was ever completed *in accordance with the terms of that agreement* so as to trigger plaintiff's obligation to make the incremental payments of principal on the purchase money note. As already noted, the escrow instructions which are a part of the plaintiff's pleadings are patently ambiguous. ■ Thus, the oral testimony of the parties as to the terms of their agreement would clearly be admissible. (*Masterson* v. *Sine* (1968) 68 Cal.2d 222, 225 [65 Cal.Rptr. 545, 436 P.2d 561].)

■ However, the declaration fails adequately to address either of these issues. For example, with respect to the question of whether or not the road had been completed in accordance with the agreement, the declaration states only that defendants have complied with the agreement by paving the roadway with oil and gravel in August of 1978. This is nothing more than a conclusion. Under the terms of the agreement the quality of such paving was to meet a specific (although for all the parties have shown, a clearly ambiguous) condition that the new roadway would "compare" to the quality of pavement on another road which was specifically described as at a specific point in time. The declaration does not deny that this was the obligation but fails to provide any information as to whether or not the paving which was accomplished in August of 1978 met this standard.

It is the burden of a moving defendant, in order to succeed on a motion for summary judgment, to controvert all of the material allegations of plain-

---

[12]See footnote 2.
[13]See footnote 5.

tiff's complaint. The failure to do so precludes summary judgment. It was the burden of the defendants De Korne to ". . . affirmatively react to each theory [of the plaintiff's complaint] *and* excusing or justifying event, or condition which supports a theory." (*Conn.* v. *National Can Corp.* (1981) 124 Cal.App.3d 630, 639 [177 Cal.Rptr. 445].) The De Kornes' declaration failed to meet this burden.

*2. The Record on Which the De Kornes Rely Demonstrates the Existence of Material Issues of Fact*

■■ Finally, even if the De Kornes' declaration could be considered (and assuming that the late filed opposition of plaintiff was disregarded), the record which *was* properly before the trial court demonstrated that factual issues existed.

Code of Civil Procedure section 437c (as it read in 1983) provided: ". . . (c) The motion shall be granted if *all the papers submitted* show that there is no triable issue . . . . In determining whether the papers show that there is no triable issue as to any material fact the court *shall consider all of the evidence set forth in the papers,* except that to which objections have been made and sustained by the court . . . ." (Italics supplied.)

Here, the De Kornes expressly included in their motion as support therefor ". . . the complete files and records of this action . . . ." ■■ ■■■ ■■ ■■ This was sufficient to bring all of the file documents before the court for consideration. (*Larsen* v. *Johannes* (1970) 7 Cal.App.3d 491, 496 [86 Cal.Rptr. 744]; *Newport* v. *City of Los Angeles* (1960) 184 Cal.App.2d 229, 234 [7 Cal.Rptr. 497].)[14] ■■ Thus, the court on the motion for summary judgment had before it, at the time of the hearing, even in the absence of plaintiff's declaration of February 18, 1983, the following:

1. The escrow instructions of December 28, 1976, and February 16, 1977, as the sale agreement under which the subject property was sold and which contained the commitment regarding the completion of the roadway; by their answer, the De Kornes admitted that this was the agreement;

---

[14]It is certainly the better practice for parties specifically to designate the evidentiary documents upon which they rely to support or oppose a summary judgment. The omnibus reference, such as the one used here by the De Kornes, can place before the court declarations and other evidentiary documents which may adversely impact a moving party's position. Under section 437c, subdivision (c) the court is required to consider ". . . all of the evidence set forth *in the papers.*" (Italics supplied.) If an examination of such evidence "and all inferences reasonably deducible from such evidence" reveals an issue of fact then a motion for summary judgment must be denied even if no opposing declarations were filed. (*Maxwell* v. *Colburn* (1980) 105 Cal.App.3d 180, 184-185 [163 Cal.Rptr. 912].)

2. The note and deed of trust including the conditional endorsement on the note (limiting plaintiff's obligation to make principal payments) which the De Kornes also admit;

3. The declaration of plaintiff dated June 28, 1979, together with the exhibits attached thereto which plaintiff filed in support of her application for a temporary restraining order which was issued on June 28, 1979, and upon which the preliminary injunction of July 20, 1979, was based. That declaration alone is sufficient to raise triable issues of fact with respect to the two critical issues in this case: (a) the terms of the agreement between plaintiff and the De Kornes with respect to the nature and quality of the improvements to be made to the access roadway and (b) the extent to which the De Kornes complied with the terms of that understanding (upon which plaintiff's obligation to make principal payments was conditioned);

4. The exhibits to plaintiff's said declaration which include (a) the De Kornes' handwritten notice of September 1978 which purports to limit plaintiff's use of the road to passenger automobiles (a burden more restrictive than that called for in the written sale agreement—see fn. 2) and (b) the letter of plaintiff's counsel dated June 7, 1979, to the De Kornes reciting in detail plaintiff's position with respect to the improvements which are to be made to the roadway and enclosing a report of a registered civil engineer (William B. Fowler) retained by plaintiff outlining in detail how the De Kornes' paving work has fallen short of the requirements of the improvement agreement recited by plaintiff in her declaration.

An examination of these documents demonstrates that at least two critical issues of material fact exist:

First, what was the intent and agreement of the parties with respect to the quality of the paving work to be done and by what standard was the work of the De Kornes to be measured? Plaintiff asserts in her declaration that specific oral commitments were made by the De Kornes upon which she relied. The De Kornes have stated that no such oral agreements were ever made; and

Second, to what extent did the paving work done by the De Kornes meet the requirements of the agreement between the parties? The De Kornes claim that it did, but plaintiff, relying on engineer Fowler's letter report, disputes that. While Fowler's letter report is not under oath, the De Kornes made no objection to its use and in fact, effectively included it within the documents which they claimed supported their position that no issues of fact remained to be decided.

For all of the foregoing reasons, the record reflects that material issues of fact remain to be tried, and an order granting the De Kornes a summary judgment was improper. (6 Witkin, Cal. Procedure (3d ed. 1985) Proceedings Without Trial, § 308, pp. 601-602.)

## DISPOSITION

Let a writ of mandate issue directing the trial court to vacate its order of June 16, 1983, and enter a new and different order denying De Kornes' motion for summary judgment.

Thompson, Acting P. J., and Johnson, J., concurred.