131 Cal.Rptr.2d 881 (2003)
107 Cal.App.4th 415
Dheeraj KULSHRESTHA, Plaintiff and Appellant,
v.
FIRST UNION COMMERCIAL CORPORATION et al., Defendants and Respondents.
No. C041513.
Court of Appeal, Third District.
March 25, 2003.
Review Granted June 18, 2003.
Carlton, DiSante & Freudenberger, Mark S. Spring and Jeremy T. Naftel, Sacramento, for Defendant and Appellant.
Martin F. Jennings, Jr., Granite Bay, for Plaintiff and Respondent.
Certified for Partial Publication.
BLEASE, Acting P.J.
Plaintiff Dheeraj Kulshrestha appeals from a judgment of dismissal entered after the trial court granted the summary judgment motion of defendant First Union Commercial Corporation (First Union). *882 Plaintiff's complaint alleged First Union was liable for promissory fraud and wrongful termination in connection with plaintiffs hiring and subsequent termination of employment.
Plaintiffs evidence in response to First Union's motion for summary judgment primarily consisted of his own declaration. The declaration did not comply with Code of Civil Procedure section 2015.5 in that it was executed outside California and did not state it was signed "under penalty of perjury under the laws of the State of California." The trial court sustained First Union's objection to the declaration and granted First Union's summary judgment motion.
On appeal plaintiff claims the declaration substantially complied with the California declaration requirements and presented triable issues of fact on each cause of action.
In the published portion of the opinion[1] we conclude that compliance with section 2015.5[2] is necessary to subject the signer to the perjury provisions of Penal Code section 118 and for that reason the trial court did not err in sustaining First Union's evidentiary objection. We shall affirm the judgment.

FACTUAL AND PROCEDURAL BACKGROUND
Plaintiff's complaint alleged First Union hired him to work at its wholly owned subsidiary, the Money Store, in November 1999. He alleged First Union made a number of promises to induce him to leave his home in Ohio and relocate to California. Among these were: a promise that he would have the title of Vice President, Application Development Manager for Information Technologies Service (VPADM); that he would have a budget of 15 to 20 million dollars; that he would oversee a staff of 50; and that he would be using a Java based technology. Plaintiff alleged these representations were untrue, and he would not have accepted the position with First Union had he known they were untrue.
Plaintiff also alleged his termination from First Union was discriminatory based on race (Indian), gender (male) and/or religion (Hindu).
Plaintiffs complaint asserted causes of action for fraud, violation of Labor Code section 970, and discrimination.[3] First Union moved for summary judgment. It adduced evidence showing First Union's decision to hire plaintiff was made by Jeff Brandmaier and Heather Redford. During the interviewing process for the VPADM position, they concluded none of the applicants were qualified for the positions as envisioned, thus they split the position into two positions. One of the new positions was Vice President, Business Technology Officer (VP-BTO). The VP-BTO position had a smaller budget and was responsible for fewer employees. Plaintiff was advised of these changes before he was hired for the VP-BTO position.
First Union also adduced evidence that after plaintiff was employed, he was in nearly constant conflict with a female employee under his supervision. When another employee reported to the human resources department that the female employee in question felt she was being harassed *883 or discriminated against by plaintiff, an investigation ensued.
An investigator from First Union's human resources department interviewed plaintiff and warned him that discussing the interview with anyone outside human resources would be a violation of policy for which he could be disciplined. Plaintiff was also warned First Union would not tolerate retaliation against an employee for participating in an investigation.
Nevertheless, plaintiff called the female employee into his office to discuss the complaint she had made against him. Upon hearing of this incident, Brandmaier and Bedford decided plaintiff had exhibited poor judgment, subjecting the company to an unacceptable risk of liability. They decided to terminate plaintiffs employment.
In opposition to the summary judgment motion plaintiff offered the declaration of his attorney, which attached as exhibits a portion of Redford's deposition testimony and two of First Union's answers to interrogatories. Plaintiff also offered his own declaration. The final sentence of plaintiffs declaration states: "I declare under penalty of perjury that the above is true and correct, executed this 8th day of August 2001 at Columbus, Ohio."
First Union objected to plaintiffs declaration in its entirety on the ground it was signed outside of California and failed to state it was signed under penalty of perjury under the laws of the State of California as required by section 2015.5.
The trial court sustained the objection and granted the motion for summary judgment on the following grounds: (1) the causes of action for fraudulent inducement and violation of Labor Code section 970 failed because plaintiff did not produce any admissible evidence of fraudulent intent; (2) the cause of action for negligent misrepresentation failed because predictions as to future events and statements as to future action are not actionable; and (3) the cause of action for employment discrimination failed because plaintiff did not produce specific, substantial evidence that the proffered reason for firing plaintiff was pretextual.
Plaintiff filed a motion to set aside the order granting summary judgment pursuant to section 473, subdivision (b), arguing the order granting summary judgment was the result of the mistake, inadvertence, surprise and/or neglect of plaintiffs attorney in not properly drafting plaintiffs declaration. The trial court denied this motion, stating the mandatory provisions of section 473, subdivision (b) are not available after a summary judgment, and the record contained insufficient evidence to find the judgment was entered through the mistake, inadvertence, surprise, or excusable neglect of plaintiff or his attorney.
Although plaintiffs notice of appeal purports to appeal from the order denying his motion to set aside the judgment, he makes no argument in his appellate brief that the trial court erred in granting the motion. Thus, the propriety of this order is not tendered for our review.

DISCUSSION
On appeal plaintiff argues he raised triable issues of fact with respect to his fraud, Labor Code section 970, and discrimination causes of action. He does not appeal the judgment of dismissal regarding the negligent misrepresentation cause of action.

I[*]

II
One of the purposes of the summary judgment procedure is to expedite *884 litigation by avoiding needless trials. (Baron v. Mare (1975) 47 Cal.App.3d 304, 308, 120 Cal.Rptr. 675; Truslow v. Woodruff (1967) 252 Cal.App.2d 158, 164, 60 Cal.Rptr. 304.) To this end section 437c, subdivision (b), provides that a motion or opposition to a motion for summary judgment may be supported by declaration. In the absence of statutory authorization for its use, a declaration is inadmissible hearsay. (In re Estate of Horman (1968) 265 Cal.App.2d 796, 71 Cal.Rptr. 780.)
Code of Civil Procedure section 2015.5 requires that a declaration executed outside the State of California recite it is executed under penalty of perjury "under the laws of the State of California. . . ." "In attempting to achieve the purpose of the statute, formalities required by other parts of the law cannot be ignored." (Baron v. Mare, supra, 47 Cal.App.3d at p. 308, 120 Cal.Rptr. 675.) Where the formalities required of a declaration pursuant to section 2015.5 are lacking, the trial court should not admit the declaration as evidence. (Ibid; Witchell v. DeKorne (1986) 179 Cal. App.3d 965, 975, 225 Cal.Rptr. 176.)
Plaintiff's declaration, executed in Ohio, does not state it is executed under penalty of perjury under the laws of the State of California. Plaintiff responds there was substantial compliance with section 2015.5. We disagree.
"`Substantial compliance, as the phrase is used in the decisions, means actual compliance in respect to the substance essential to every reasonable objective of the statute.' (Stasher v. Harger-Haldeman (1962) 58 Cal.2d 23, 29 [22 Cal. Rptr. 657, 372 P.2d 649].) Where there is compliance as to all matters of substance technical deviations are not to be given the stature of noncompliance. (2A Sutherland, Statutory Construction (4th ed.1984) § 57.26, p. 702.)" (Southern Pac. Transportation Co. v. State Bd. of Equalization (1985) 175 Cal.App.3d 438, 442, 221 Cal. Rptr. 12, orig. italics.)
The objective of section 2015.5 is to ensure truthful representations by requiring a form of declaration which subjects the declarant to criminal penalties for knowingly false statements. (In re Marriage of Reese & Guy (1999) 73 Cal. App.4th 1214, 1223, 87 Cal.Rptr.2d 339.) The question is whether the declaration plaintiff executed could subject him to criminal penalties under California's perjury law, assuming it contains willfully false material statements.
Penal Code section 118, subdivision (a) states in pertinent part:
"[E]very person who testifies, declares, deposes, or certifies under penalty of perjury in any of the cases in which the testimony, declarations, depositions, or certification is permitted by law of the State of California under penalty of perjury and willfully states as true any material matter which he or she knows to be false, is guilty of perjury.
This subdivision is applicable whether the statement, or the testimony, declaration, deposition, or certification is made or subscribed within or without the State of California."
Plaintiff argues that Penal Code section 118 applies whether the declaration is signed "within or without the State of California" and therefore the objective of section 2015.5 has been met. We disagree.
Penal Code section 118 contains two qualifications. The declaration must be made under penalty of perjury. It also applies in "any of the cases in which the . . . declaration[ ] . . . is permitted by law of the State of California under penalty of perjury. . . ." This could be read to refer merely to the "case" in which a provision, such as section 437c, subdivision (b), authorizes the use of a declaration. It could also be read to apply to the requirements for the content of the declaration. Only the latter reading explains the Legislature's directive in section 2015.5 that a declaration signed outside California aver that it is made "under penalty of perjury *885 under the laws of the State of California[.]"
Our task in construing a statute is to discern and give effect to legislative intent. (Flannery v. Prentice (2001) 26 Cal.4th 572, 593, 110 Cal.Rptr.2d 809, 28 P.3d 860.) To this end we first examine the words of the statute. (County of Santa Clara v. Perry (1998) 18 Cal.4th 435, 442, 75 Cal. Rptr.2d 738, 956 P.2d 1191.) We examine the statutory language in context, adopting the construction that best harmonizes the language both internally and with other statutes. (Lewis v. County of Sacramento (2001) 93 Cal.App.4th 107, 119, 113 Cal. Rptr.2d 90.)
Consistent with the wording of section 2015.5, the out-of-state declaration must assert it is executed "under the laws of the State of California" in order to subject a person signing the declaration to California's perjury laws. Otherwise, the language of section 2015.5 would be mere surplusage. This is a result we must avoid if possible. (People v. Avanessian (1999) 76 Cal.App.4th 635, 641, 90 Cal.Rptr.2d 367.)
Instead of being a mere technical requirement, the language of section 2015.5 ensures that a false declaration under penalty of perjury is in fact subject to a penalty of perjury. Without the language there can be no substantial compliance with the statute and the trial court did not err in sustaining First Union's objection to the declaration.
This case is to be distinguished from People v. Pacific Land Research Co. (1977) 20 Cal.3d 10, 21, footnote 11, 141 Cal.Rptr. 20, 569 P.2d 125. The defendants complained a declaration submitted on behalf of the People was defective because it did not state the place of execution and that it was true under penalty of perjury. The court held the declarant's address below her signature was sufficient to constitute compliance. (Ibid; see also McCauley v. Superior Court of San Bernardino County (1961) 190 Cal.App.2d 562, 564, 12 Cal. Rptr. 119.) Likewise in People v. Resolute Ins. Co. (1975) 46 Cal.App.3d 249, 256, 120 Cal.Rptr. 17, the court held a declaration missing the date and place of execution was sufficient where an attached document contained the date and place of execution.
In both of the above cases, compliance was actual but failed in a matter of form. Here, there was no actual and hence no substantial compliance. The trial court did not err in sustaining First Union's objection to the proffered evidence. The plaintiff does not argue he adduced sufficient evidence apart from his declaration to raise triable issues of fact regarding his fraud-based and wrongful termination causes of action.

DISPOSITION
The judgment is affirmed.
We concur: CALLAHAN and ROBIE, JJ.
NOTES
[1] The Reporter of Decisions is directed to publish the opinion except for section I of the Discussion.
[2] References to a section are to the Code of Civil Procedure.
[3] Labor Code section 970 prohibits persuading a person to move by way of false representations concerning employment.
[*] See footnote 1, ante.